MAYER, executrix, *et al. v.* WATERMAN *et al.*

1. Under the facts alleged in the petition the plaintiffs were not guilty of such laches as will deny them a hearing in a court of equity.

2. Where it is alleged that a person was mentally incapable of executing a deed to land, and further that the grantee, or his legal representative after his death, is in possession of the land, parol evidence is admissible to show that the grantor was mentally incapacitated and that the deed is void.

3. Under the facts alleged, and where the plaintiffs pray for an accounting and offer to pay to the defendant such an amount as the court shall decree, and, as an alternative, that the land be sold and the defendant paid the full amount due, and that the balance be distributed among those legally entitled to share therein, a formal tender by the plaintiffs to the defendant of the actual amount is not necessary.

4. There is no merit in the demurrer based upon the ground of misjoinder of parties.

5. The petition, construed as a whole, is sufficient to set out a cause of action, and the court did not err in refusing to dismiss the same on general demurrer.

No. 1882. OCTOBER 12, 1920.

Equitable petition. Before Judge Mathews. Bibb superior court. January 26, 1920.

The petition was brought by Henry and Emanuel Waterman against Mrs. Alice Mayer, executrix of the estate of Sam Mayer, and against N. M. Block, administrator of the estate of Henry Waterman Sr. It alleges that in April and May, 1915, Henry Waterman Sr., executed three warranty deeds conveying designated properties in the City of Macon and in Decatur County; that the recited considerations aggregate $23,846.63, but the property conveyed was worth $70,000.00; that at the time the deeds were made Waterman was of unsound mind and incapable of understanding the nature and consequences of these contracts; that Mayer was the son-in-law of Waterman, and knew of his demented condition; that Mayer was also a director of the American National Bank of Macon, to which Waterman was indebted in the sum of $18,500, and this with another item of $4000 constituted the bulk of his indebtedness; that Mayer, taking advantage of his position as a director of the bank and his near relationship to Waterman, unduly alarmed Waterman concerning his financial condition, advising him that the bank and his other creditors would take legal proceedings against him and wreck his estate; that in order to induce Waterman to execute the deeds Mayer told him he would pay the

debt due the bank and two or three other small debts amounting altogether to about $2400, and would take the deeds to secure himself and would reconvey the property at any time Waterman could repay him; that while the deeds appeared on their faces to be absolute, they were in reality only deeds to secure debts, and Waterman never intended to convey the property absolutely to Mayer; that since the execution of said deeds Mayer has received annually as rent for said property $2500, and has received in all as such rents $10,000 or other large sum; that at his death in 1916 Waterman owned and possessed the property described; that he left five heirs at law, including the petitioners; that Mayer died in 1918, and Mrs. Alice Mayer, as the legal representative of his estate, is now in possession and control of said lands; that she contends that the title of Sam Mayer was valid, and refuses to surrender any part of the same to petitioners; that petitioners stand ready to reimburse the estate of Sam Mayer the full amount he paid out on account of said transaction, together with interest thereon and taxes assessed against the same, less the amount of rents which has been received by Mayer or his estate since the execution of said deeds, upon said property being conveyed back to the estate of Henry Waterman Sr.; that Dave Fleischer was first administrator of the Waterman estate, but has been discharged; and that N. M. Block is at present administrator, but that both have refused to administer upon said lands, claiming that during his lifetime Waterman had sold them to Mayer. The prayers were: (*a*) for process directed to Alice Mayer, executrix of the estate of Sam Mayer; (*b*) that she be required to surrender the deeds named in the petition, and that they be canceled as a cloud upon the title of the estate of H. Waterman Sr.; (*c*) for decree declaring the title of the estate of H. Waterman Sr. to said property, and that it be subjected to distribution among his creditors and heirs at law; (*d*) that petitioners recover a 2/5 undivided interest in said lands, and 2/5 of the value of said lands for rent since the date of said deeds; (*e*) that Mrs. Mayer be required to make accounting for all rents and profits received; (*f*) that upon a full accounting with the estate of Sam Mayer and determination of the amount found to be due for moneys paid out by him for the account of Henry Waterman and taxes on the property, less the rents and profits, petitioners be allowed to pay to the

estate of Sam Mayer 2/5 thereof and to recover a 2/5 undivided interest in the property, or that the court decree the sale of such portions of the property as may be necessary to repay the estate of Sam Mayer, and that the remainder be distributed to the heirs at law of H. Waterman Sr. according to the rules of inheritance; (g) that N. M. Block as administrator of the estate of H. Waterman, deceased, be made a party defendant, and that process issue, requiring him to appear and abide such decree as the court may make; and (h) for general relief. The petition was demurred to on the grounds: (1) that the allegations and averments do not make such a case as to entitle the plaintiffs to any relief; (2) misjoinder of parties, no substantial relief being prayed against N. M. Block, and no facts set out which would authorize any relief against him; (3) laches on the part of plaintiffs in delaying the bringing of the action from 1915 until 1919, and in failing to bring the same during the lives of Mayer and H. Waterman Sr.; (4) there was no legal tender of the consideration paid by Mayer for the deeds. The demurrers were overruled, and the defendants excepted.

*R. C. Jordan,* for plaintiffs in error.

*Walter DeFore* and *James C. Estes,* contra.

GILBERT, J. 1. The petition does not in terms allege that the grantor continued to be of unsound mind from the time the deed was executed until his death, but there is no special demurrer calling for this information. Nothing else appearing, it will be presumed that the state of mind existing at that time continued until his death in 1916. This fact is sufficient to show a reason why the grantor did not himself undertake to set aside and cancel the deed during his lifetime. Moreover, under the allegations of the petition, the grantee agreed to reconvey the property whenever he had been repaid, and the condition of the grantor was such as to show an excuse for the delay. It does not appear whether the plaintiffs in the present case were aware of all of these facts during the lifetime of their father. The grantee, Mayer, survived the grantor for about two years, and this present suit was brought about one year later, 1919. The two administrators, successively appointed upon the estate of the grantor, refused to administer upon the lands, and these plaintiffs, two of the heirs at law, brought this suit in their own name. From the date of the deeds (1915) until the filing of this suit only four years elapsed. Dur-

ing one of these years the grantor was in life, but of unsound mind; during the next two years the estate of the deceased grantor was in the hands of his legal representatives, whether for the whole time or not does not appear. About the end of the third year from the execution of the deed Mayer, the grantee, died. Under these facts we do not think these plaintiffs were guilty of such laches as will deny them a hearing in a court of equity. *Taylor* v. *Colley,* 138 *Ga.* 41 (3), 45 (74 S. E. 694).

2. It is insisted by plaintiffs in error that since the petition alleges the defendant to be in possession of the land under deeds purporting to convey fee-simple title, parol evidence would be inadmissible to show that in reality the deeds were executed and delivered for the purpose of securing a debt; and as authority for that proposition the case of *Wilkes* v. *Carter,* 149 *Ga.* 240 (99 S. E. 860), is cited. In that case it was said: *" Where there is no fraud* [Italics ours] in the procurement of the deed, and the possession is surrendered to the grantee contemporaneously with the execution of the deed, it is not competent to show by parol that the deed absolute in form was in fact a deed to secure a debt."* Under the allegations in this case the grantor was of unsound mind and incapable of executing a deed to land at the time the deed was signed, and this fact was known to the grantee; and while the grantor was in that condition the grantee played upon his fears in regard to certain indebtedness, offering to pay the same and hold the deed as security, promising to reconvey to the grantor whenever the grantee was reimbursed; the grantee was the son-in-law of the grantor; also the consideration paid by the grantee was inadequate. Under the facts alleged, it is to be assumed that there existed between them some degree of fiduciary relationship, that at least they were not dealing at arm's length. Clearly this constitutes an exception to the general rule. The procurement of a warranty deed to land from one who is incapable of executing a deed on account of mental incapacity is the grossest kind of fraud, and it would be the duty of a court of equity to allow parol evidence on the question. "It may be laid down as very clear that the acts and contracts of weak-minded persons will be held invalid in equity, if the nature of the act or contract justify the conclusion either that the party through undue influence has not exercised a deliberate judgment, or that he has been

imposed upon, circumvented, or overreached by cunning or artifice. And where inadequacy of consideration or undue influence is joined to imbecility or weakness of mind arising from old age, sickness, intemperance, or other cause, equity will set aside the transaction at the suit of the injured party." 1 Bigelow on Fraud, 379. See *Brown* v. *Carmichael,* 149 *Ga.* 548 (101 S. E. 124); *American Trust & Bkg. Co.* v. *Boone,* 102 *Ga.* 202, 205 (29 S. E. 182, 40 L. R. A. 250, 66 Am. St. R. 167); *Woolley* v. *Gaines,* 114 *Ga.* 122 (39 S. E. 892, 88 Am. St. R. 22). Under these circumstances the surrender of possession would be as ineffectual and void as the contract itself. The possession was bottomed on the contract. The contract being void for want of capacity, the surrender of possession was of no legal significance. If plaintiffs plead that the deed, though void as an actual sale, is binding as security for money loaned, the defendant cannot complain. That plaintiffs offer to do equity by recognizing the deed as a security for debt is to his benefit.

3. It is insisted that the entire petition should be dismissed on the ground that the plaintiffs have at no time made a legal tender to the defendant of the amount paid out as a consideration for the deeds. It should be noted, that, while there is a prayer for cancellation of the deeds as a cloud on the title of plaintiffs, there is another prayer offering to do full and complete equity to the defendant by repaying the full amount paid out by the deceased grantee on account of the transaction, together with interest and taxes. There is another prayer asking for a full accounting in order to ascertain exactly what amount is due for moneys paid out, and an alternative prayer that the court decree the sale of such portions of the property as may be necessary to pay the estate of Mayer, the grantee, and that the remainder be distributed to the heirs at law according to the rules of inheritance. The petition acknowledges that in equity and good conscience the estate of the grantee should be reimbursed. The cancellation of the deeds is sought on the additional ground that they do not truthfully represent the real transaction. The plaintiffs are heirs at law of the grantor, who have received no direct benefit from the contract, although the estate of the grantor was benefited by the payment of debts which would have been outstanding against it. The purported contract was made, not by these plaintiffs, but by their

father, who is alleged to have been of unsound mind at the time, and presumed to have died in that condition; and it is also alleged that his legal representatives have refused to act. These allegations are sufficient in equity to excuse a formal tender by the plaintiffs as is required in suits at law. If it be conceded that the allegation that the plaintiffs " stand ready to reimburse the estate of the grantee the full amount paid out on account of the transaction " is not a legal tender, the prayer for full accounting, coupled with the prayer for the sale of the property, is sufficient. Compare *Milner* v. *Vandivere,* 86 *Ga.* 540 (12 S. E. 879); *Collier* v. *Collier,* 137 *Ga.* 658 (3), 667 (74 S. E. 275, Ann. Cas. 1913A, 1110. According to the weight of authority in other jurisdictions, an allegation that one stands ready to do equity according to the decree of the court, and to pay such an amount as may be found due, is sufficient compliance with the rule as to tender. 26 R. C. L. 626, and note; Id. 647, and note; Chicora Fertilizer Co. *v.* Dunan, 50 L. R. A. 401 (91 Md. 144, 46 Atl. 347); Bateman *v.* Hopkins, 157 N. C. 470 (73 S. E. 133, Ann. Cas. 1913C, 645).

4, 5.  The fourth and fifth headnotes do not require elaboration.

*Judgment affirmed. All the Justices concur.*