### JOINER *v.* SOUTHERN LAND SALES CORPORATION.

BECK, P. J. 1. The plaintiff alleged that the defendant was indebted to petitioner in the sum of $2,000, with interest, on a promissory note; and the defendant answered the paragraph containing these allegations, as follows: "admits the allegation contained in paragraph 5 of plaintiff's petition, subject, however, to defendant's answer as hereinafter set forth." Upon this issue the court charged the jury as follows: "The plaintiff, the Southern Land Sales Corporation, brings its suit against Mrs. Alice V. Joiner, and alleges that she is indebted to plaintiff in the sum of $2,000 on a note dated December 15, 1917, together with interest at seven per cent. from the 17th day of December, 1917, to date hereof, and also claims that they are entitled to recover ten per cent. additional on the principal, $2,000, and the interest, as attorney's fees. This is admitted by defendant." This was

not error when read in connection with the immediate context. The sentence, "This is admitted by defendant," is immediately followed by the explanation, "The defendant assumes the burden in this case, by admitting the plaintiff a prima facie case for that purpose, and admitting the plaintiff is entitled to recover, unless the defendant makes good her plea, or pleas, as the case may be."

2. Error is assigned upon the following charge of the court: "I charge you in this case that where the purchaser of land seeks to avoid payment of the purchase-price thereof on the ground of fraud, he must, upon the discovery of the facts constituting the fraud, upon his first opportunity to do so, announce his intention to rescind. If he remains silent and retains possession of the land bought under the contract, without complaint, and without offering to rescind until long after the discovery of the facts, he will be held to have waived the right to rescind, and be bound by the contract as though there had been no fraud. Of course, that applies to a lady, as well as to a man." This charge was not error. *Pearce* v. *Borg Chewing-Gum Co.*, 111 *Ga.* 847 (36 S. E. 457); *Ruff* v. *Copeland*, 137 *Ga.* 56 (72 S. E. 506).

3. The court did not err in instructing the jury that the maker of a promissory note given for the purchase of land, of which the maker holds exclusive possession, cannot defeat the collection of the note on the ground that the grantor cannot give him good title, without showing clearly that there was a paramount outstanding title against the vendor. *Black* v. *Walker*, 98 *Ga.* 31 (26 S. E. 477).

4. The court did not err in charging the jury that "The contract of one insane at the time of the agreement, but who had never been legally so adjudged, ceases to be voidable and becomes valid and binding whenever it is shown that the obligation has been subsequently ratified either by the words or the conduct of the contracting party herself during a lucid interval."

5. Error is assigned upon the following charge of the court: "I charge you further that even where there has been no such actual ratification of the contract thus made, but where there has been no adjudication of the fact of insanity, and the opposite party to the contract is ignorant of the conditions and has no reasonable cause to suspect it, and if the contract is fair and reasonable in its terms and it is shown the contract was entered into in good faith, without fraud or undue influence and founded upon a valuable and an adequate consideration, and that the insane party has actually received the full benefits of the contract, and the party cannot be restored to statu quo, the liability under the contract will be upheld." This charge was error, under the ruling in the case of *Warren* v. *Federal Land Bank*, 157 *Ga.* 465 (122 S. E. 40), where it was held: "The deed of an insane person, though made without fraud and for an adequate consideration, may be avoided by his heirs, not only as against his immediate grantee but also as against bona fide purchasers for value and without notice of such insanity. 'The fairness of the defendant's conduct cannot supply the plaintiff's want of capacity.' And 'A person whose mind is so unsound as not to have capacity to contract is incapable of making a binding conveyance.'"

6. The court charged the jury in part as follows: "If you find that the
48

defendant in this case was insane at the time she made the contract, and that she has not recovered her sanity since that time and has not ratified the contract, why, it would not be binding upon her and she could not be held under this contract and this note." The charge states a correct principle of law and affords no ground for the grant of a new trial.

7. The charge complained of in the 10th ground of the motion for new trial was not error for any reason assigned.

8. Error is assigned upon the following charge of the court: "I charge you this further, that where a party has once been shown to be insane, the presumption of law is that she remains insane. This is only a presumption and may be rebutted by proof to the contrary, showing she has become sane since she was adjudged insane." This charge is substantially correct.

9. There were two other exceptions to the charge, but neither of them shows error hurtful to the movant.

10. The court did not err in excluding from evidence the certified copy of the letters of guardianship issued from the court of ordinary and the judgment of the court of ordinary adjudging the defendant in the proceedings to be a lunatic, without an exemplification of the proceedings upon which they were based, or evidence of their existence or loss. The judgment was necessarily relied upon as establishing a particular state of facts of which it was the judicial result; and in such a case it was not admissible without an authenticated copy of the proceedings in which it was rendered, or, as said above, proof of the prior existence of the same and their loss. *Gibson* v. *Robinson,* 90 *Ga.* 756 (16 S. E. 969, 35 Am. St. R. 250); *Weaver* v. *Tuten,* 138 *Ga.* 101 (74 S. E. 835).

(*a*) Parol evidence was offered to show prior existence and loss of the proceedings upon which the judgment was based, and the court erred in repelling this evidence. If the law required these proceedings to be recorded, it might be that a duly authenticated copy of the proceedings would be prerequisite to the introduction of the judgment, and, if they had been lost, it might be necessary to establish them; but the law does not require the record of the proceedings referred to. *Verdery* v. *Savannah etc. Ry. Co.,* 82 *Ga.* 675 (9 S. E. 1133).

11. As the judgment is reversed and the case remanded for another trial, no opinion is expressed as to the issues of fact made by the evidence, nor as to the weight of the evidence.

*Judgment reversed. All the Justices concur.*

No. 3927. SEPTEMBER 20, 1924.

Complaint. Before Judge Strange. Jenkins superior court. July 14, 1923.

On December 15, 1917, Alice V. Joiner purchased of the Southern Land Sales Corporation 440 acres of land described in the petition, for the sum of $7,000, $1,000 of which was paid at time of purchase, and executed her three promissory notes in the sum of $2,000 each, payable December 15, 1918, December 15,

1919, and December 15, 1920, respectively. The first two of these notes were paid, but the last note to mature was not paid, and suit was brought thereon to the March term, 1922, of the superior court of Jenkins County, at which the defendant filed her plea, in which she contended that plaintiff should not recover on the note sued on, because: (1) of defects in the title to the land sold; (2) of insufficiency in description of the land conveyed; (3) of fraud on the part of the plaintiff in inducing her to buy the land; (4) of insolvency of the plaintiff; (5) of mistake of fact; (6) because defendant was under a guardianship at the time of the execution of the note and purchase of the land, and therefore unable to contract; and (7) she was insane at the time of making the note, and was therefore incapable of making a valid contract. The case came on for trial, which resulted in a verdict for the plaintiff for $2,000 principal, $313.82 interest, and $231.38 attorney's fees. The defendant made a motion for a new trial, which was overruled, and she excepted.

*J. A. Dixon, A. S. Anderson,* and *Arthur W. Jordan,* for plaintiff in error.