## AUTRY *v.* PARRISH.

1. The excerpts from the charge of the court to which exceptions are taken are not erroneous for any reason assigned.
2. The evidence was sufficient to authorize the verdict, and the trial judge did not err in overruling the motion for a new trial.

No. 5564. SEPTEMBER 6, 1927.

Equitable petition. Before Judge Maddox. Walker, superior court. July 9, 1926.

Mrs. Emma Autry filed a petition against Mrs. Josie Parrish, in which she alleged substantially the following facts. Petitioner is the daughter of C. C. Parrish, deceased, and defendant Mrs. Josie Parrish is the widow of C. C. Parrish, petitioner and defendant being the only parties having any interest in the estate of the deceased, there having been no administration or necessity for same. C. C. Parrish, on October 20, 1919, purchased a described farm in Walker County, taking title in his own name. In June, 1920, C. C. Parrish suffered a second stroke of paralysis (he having suffered a prior stroke in 1918, from which he had par-

Cancellation of Instruments, 9 C. J. p. 1257, n. 35, 38; p. 1256, n. 31; p. 1258, n. 62.

tially recovered), which second attack completely destroyed his physical and mental faculties, making him a mental and physical wreck with little or no memory or will power, so that he was easily influenced and pursuaded. This condition continued without lucid interval until said illness was relieved by death on March 17, 1923, at which time C. C. Parrish was of the age of nearly 74 years. While laboring under the above disability, C. C. Parrish is alleged to have conveyed the described farm by a pretended warranty deed to Mrs. Josie Parrish. The deed was a voluntary conveyance, made without any consideration, and fraudulently procured by the grantee therein for the sole purpose of defeating the heirship of the complainant in the estate of her father. Although said deed recites a consideration of $5000, in fact not one cent was paid, nor was any other thing of value received by the grantor therein. By reason of the above disability and infirmity C. C. Parrish was incapable of comprehending or understanding the effect of his act in conveying the land, and in so doing he "was imposed upon and misled by this defendant, who fraudulently induced him to execute to her this said deed." It is further alleged, upon information and belief, that the name of C. C. Parrish was signed to said deed by some other person (the identity of said person being unknown to petitioner) without the knowledge or consent of the said C. C. Parrish; "and that if the said C. C. Parrish did consent thereto, such consent was fraudulently obtained . . by this defendant," and said deed was not the true act and deed of said Parrish.

The deed in controversy is attached to the petition as an exhibit. The instrument is a warranty deed in usual form, reciting a consideration of $5000, and is dated August 10, 1921, and recorded March 21, 1923.

The answer of the defendant denies that C. C. Parrish was laboring under any mental disabilities at the time he executed said deed, avers that he was in full possession of his mental faculties at such time, and further says that said deed is and was at the time of its execution a valid conveyance of the real estate therein described, and effectively vested in defendant the title to said real estate. It is admitted in the answer that the grantor in the deed suffered a stroke of paralysis in 1918. The allegations of fraud upon the part of the defendant are denied.

Upon the trial the jury returned a verdict in favor of the defendant. The plaintiff filed a motion for a new trial upon the usual general grounds, and at the hearing added three special grounds by amendment. The first of these complains that the court erred in charging the jury as follows: "Likewise, the fairness and good faith and conduct of the defendant should have no weight or bearing with you." It is insisted that this portion of the charge was error, because it had the effect of removing from the consideration of the jury the allegations of the plaintiff that C. C. Parrish was imposed upon and misled by the defendant, who fraudulently induced him to execute the deed in controversy; and because it was confusing to the jury and not adjusted to the issues in the case. The second special ground complains that the evidence failed to show delivery of said deed; it being asserted that delivery is especially essential to the validity of this deed, in view of the fact that the deed recites a consideration of $5000, which has never been paid. The third ground complains that the trial judge erred in charging the jury as follows: "Further, gentlemen, in view of the fact that in defining a contract I set up the fact that it must be upon a valid consideration, in view of the evidence in this case, which is conceded on both sides, that there was no consideration, that is, no money actually passed, I charge you that love and affection is a consideration." It is insisted that this charge was error, because: (a) No such issue was made by the pleadings or evidence. (b) The deed recites a consideration of $5000, and the evidence discloses no consideration paid, and the deed was never delivered, but was found among his papers after his death. (c) The pleadings do not authorize such a charge. The trial judge overruled the motion, and the plaintiff excepted.

*McClure & McClure, Julius Rink, M. Neil Andrews,* and *Norman Shattuck,* for plaintiff.

*Henry & Jackson* and *Rosser & Shaw,* for defendant.

RUSSELL, C. J. 1. The excerpt from the charge to which exception is taken in the first special ground of the motion for a new trial was not erroneous for any reason assigned. The statement that "Likewise, the fairness and good faith and conduct of the defendant should have no weight or bearing with you," when considered in connection with its context, was a proper instruction, and gave the plaintiff no cause for complaint. The main issue in

the case was the mental capacity of C. C. Parrish to execute the deed in question. Immediately preceding the charge complained of, the trial judge instructed the jury as to the effect of mental incapacity of the grantor upon the validity of the alleged deed, and he proceeded to state that the grantee's knowledge or lack of knowledge of the mental incapacity of the grantor, or whether the same could have been discovered by one dealing with such insane person, would have no effect upon the validity of the deed and would not make it binding. Immediately following the judge gave in charge the excerpt of which complaint is made. The plaintiff can not complain of this instruction. Where a conveyance is attacked on the ground of mental incapacity of the maker, the grantee therein can not defend upon the ground that his conduct in dealing with such person was fair and that he acted in good faith in the transaction. *Warren* v. *Federal Land Bank*, 157 *Ga.* 464 (3), 468 (122 S. E. 40), and cit.; *Joiner* v. *Southern Land Sales Corporation*, 158 *Ga.* 752 (5) (124 S. E. 518). This was the proposition upon which the judge was instructing the jury, and under the circumstances we do not think that the jury could have understood from the charge complained of that the judge was removing from their consideration the question of whether the defendant fraudulently induced C. C. Parrish to execute the deed in question.

2. The second special ground of the motion is an amplification of the general ground that the verdict was contrary to law and the evidence, it being insisted that the evidence failed to show delivery of the deed in question. An examination of the brief of evidence discloses that the movant is in error in asserting that the evidence shows no delivery of the deed. The defendant testified, without objection: "He [C. C. Parrish] called me out there. 'Now, Joe [his wife, Mrs. Parrish],' he said, 'I am going to make a deed to the home place to you, I want you to make Chuck and Cecil equal in half you get,' and he went off and brought the deed back and give it to me. This deed is here that has been accepted is the deed he give me." There was further evidence from which a delivery of the deed could have been inferred. Many witnesses in behalf of the defendant testified that Mr. Parrish told them that he had made a deed and given his wife the home place; and though the deed was not recorded until after the death of the grantor, there was evidence which would have authorized the jury to find that

Mrs. Parrish, the grantee, had sent the deed to a friend prior to the death of Mr. Parrish, and requested that he have the deed recorded.

3. It will be noted that the charge set forth in the third special ground of the motion is assigned as error only because the same was not authorized by the pleadings or evidence, and because the deed recites a consideration of $5000 and the evidence discloses no consideration was paid. In paragraph six of the petition it was alleged that the "pretended warranty deed . . is and was a voluntary conveyance made without consideration," and in paragraph seven it is alleged that "although said deed . . recites a consideration of $5000 in hand paid, yet there was not one cent paid as consideration, . . and the defendant . . has never paid . . one cent or any other sum or thing of value as a consideration." In her answer the defendant denied the allegations of paragraph six and paragraph seven. Thus arose the issue as to the consideration, so far as the pleadings were concerned. At the trial it was admitted that no monetary consideration was paid. The judge had instructed the jury upon the theory that the alleged deed constituted a contract, and had charged that one of the essentials of a valid contract was "a consideration moving to the contract." Though the deed recited a consideration of $5000, the testimony in behalf of the defendant, which was uncontradicted, showed that this amount was inserted as the consideration because the grantor directed the scrivener who drew the same to copy a prior conveyance by which the grantor received title to the property, in which conveyance a consideration of $5000 was expressed. It was conceded by the defendant that no monetary consideration was paid. However, she introduced much testimony tending to prove that the conveyance was in fact the evidence of a gift to her from her husband; and a deed of gift from husband to wife could not be set aside upon the single ground of want of consideration, for the deed would be good whether there was any money consideration or not, in the absence of other objections. *Dunn* v. *Evans,* 139 *Ga.* 741 (2) (78 S. E. 122). As against the objections urged, it was not error to charge that "love and affection is a consideration."

4. An examination of the brief of evidence shows that the evidence was sufficient to authorize the verdict returned by the jury,

finding the deed to be a valid conveyance. The plaintiff introduced much testimony tending to show the mental incapacity of C. C. Parrish to execute the deed in question. On the other hand, witnesses introduced in behalf of the defendant were equally positive in testifying that Parrish was of sound mind and possessed of ample mental capacity to execute the instrument. In this conflict of the evidence it was the function of the jury to find the truth as to this material issue; and they having found in favor of the validity of the conveyance, and the trial judge having approved their verdict, this court will not interfere.

*Judgment affirmed. All the Justices concur.*