WHITELEY *v.* DOWNS, guardian.

840

No. 8951.   MAY 13, 1932.

842

*E. B. Rogers* and *E. P. & J. Cecil Davis,* for plaintiff in error.
*A. D. Watson* and *B. J. Stevens,* contra.

GILBERT, J. ■ The first, second, third, and fourth head-notes do not require elaboration.

■ One ground of the demurrer is that the petitioner does not offer to do equity, and seeks relief from liability on the note without offering to restore the benefits received under his contract of purchase. The petition alleges that Downs returned the automobile to the defendant, that a payment had been "made thereon of about six hundred pounds of peanuts, and the said automobile not [?] having been used very little, the said Whiteley Motor Company has been put in as good condition with reference to the purported sale of said automobile as when the purported sale was made." "It is a condition precedent, for a mentally incompetent to relieve himself from a contract made during his incapacity, to restore the benefits received by him, if such benefits are still in his possession or control. In other words, he must place the grantee, in all respects, as far as possible, in statu quo. Arnold *v.* Richmond Iron Works, 67 Mass. 434; Ricketts *v.* Joliff, 62 Miss. 440; Williams *v.* Sapieha, 94 Texas, 430 (61 S. W. 115); Hudson *v.* Union Mercantile Trust Co., 148 Ark. 249 (230 S. W. 281);

Rea *v.* Bishop, 41 Neb. 202 (59 N. W. 555); Flach *v.* Gottschalk Co., 88 Md. 368 (41 Atl. 908, 42 L. R. A. 745, 71 Am. St. R. 418), and cit. The incompetent is relieved of the necessity to make restitution or tender, where he shows that such restitution or tender is impossible. Where no benefit has been received, the parties are already in statu quo." *Fields* v. *Union Central Life Ins. Co.,* 170 *Ga.* 239 (6 *a, b*) (152 S. E. 237). Under the facts alleged, the petition is not subject to this ground of demurrer.

■ The sixth headnote does not require elaboration.

■ The demurrer which challenges the jurisdiction was properly overruled. "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Civil Code (1910), § 6540. "The venue of the equitable petition to enjoin the levy of an execution and the advertisement of the land levied upon, and to set aside the judgment on which it issued, and where no complaint of misconduct on the part of the levying officer is alleged, is the county of the residence of the judgment plaintiff, if a resident of this State. *Malsby* v. *Studstill,* 127 *Ga.* 726 (56 S. E. 988); and see *Bruce* v. *Neal Bank,* 147 *Ga.* 392, 396 (94 S. E. 241)." *Bank of East Point* v. *Dupre,* 152 *Ga.* 547 (107 S. E. 484); *Herrington* v. *Bryan,* 169 *Ga.* 382 (150 S. E. 555). This is not a mere motion to set aside a judgment, provision for which is made by the Civil Code (1910), § 5962, where no affirmative relief was sought, as in *Dixon* v. *Baxter,* 106 *Ga.* 180 (32 S. E. 24), *Perry* v. *Fletcher,* 174 *Ga.* 180 (162 S. E. 285). Here such affirmative relief is sought. The attack on the judgment is direct, not collateral; and accordingly the superior court of Warren County, in the exercise of the equitable powers, has jurisdiction, and may, if the evidence so authorizes, treat the judgment as void. Civil Code (1910), §§ 5965, 5968; *Johnson* v. *Peoples Bank,* supra.

*Judgment affirmed. All the Justices concur, except Hines, J., absent for providential cause.*