JONES *et al. v.* UNION CENTRAL LIFE INSURANCE COMPANY.

HUTCHESON, J. 1. "The deed of an insane person, though made without fraud and for a valuable consideration, may be avoided by his heirs, not only as against his immediate grantee, but also as against bona fide purchasers for value and without notice of such insanity." *Warren* v. *Federal Land Bank of Columbia,* 157 *Ga.* 464 (3*a*) (122 S. E. 40); Civil Code (1910), § 4237. And see *Autry* v. *Parrish,* 164 *Ga.* 650 (139 S. E. 413); *Joiner* v. *Southern Land Sales Corporation,* 158 *Ga.* 752, 753 (5) (124 S. E. 518). The evidence was conflicting on the question of the sanity of the grantor at the time of the execution of the deed, and it was a question for the jury as to whether he was sane at the time of the execution of the deed.

2. In connection with the testimony tending to show that W. H. Jones was insane from 1919 to the time of his death in 1927, documentary evidence consisting of the record and judgment by the court of ordinary adjudging him to be insane and committing him to the asylum, made four years after the execution of the deed, was inadmissible in evidence, and the judge did not err in excluding it.

3. The court erred in directing a verdict for the defendant, and in refusing a new trial.        *Judgment reversed.* *All the Justices concur.*

No. 9748. FEBRUARY 24, 1934.

594

*William E. Mann* and *W. Gordon Mann,* for plaintiffs.
*E. P. Carrier* and *C. N. King,* for defendants.