ATLANTA BANKING & SAVINGS CO. *v.* JOHNSON.

No. 10098.   June 18, 1934.   Rehearing denied August 10, 1934.

*Kenneth A. Campbell,* for plaintiff in error.
*Branch & Howard* and *Thomas B. Branch Jr.,* contra.

BELL, J.   An administratrix brought a suit in equity to cancel a deed to secure debt alleged to have been made by the plaintiff's intestate while insane.   The petition did not allege that the intestate had ever been adjudged insane, nor was it alleged that the defendant bank did not act in good faith, or that it had knowledge of the insanity or any reasonable ground to suspect the same.   By an amendment it was alleged that the consideration of the deed had been dissipated by the insane person, and for this reason no part of the consideration came into the hands of the plaintiff administratrix or could be restored.   The plaintiff did not offer to restore the status, and did not otherwise attempt to excuse or explain her failure to do so.   The court overruled a general demurrer to the petition as amended, and the defendant excepted.

1.   Construing the allegations most strongly against the plaintiff, as must be done on general demurrer, it is apparent that the plaintiff's intestate was never adjudicated to be insane; also that the defendant bank in accepting the conveyance acted in good faith, and did not know of the insanity or have any cause to suspect the same.

2.   In the circumstances indicated, the plaintiff can not obtain the equitable relief of cancellation without restoring the status quo; and this is true even though it may be impossible for her to do so. The deed was not void, but was merely voidable; and where the bank acted in good faith in extending the loan, and was not in any sense chargeable with knowledge of the borrower's insanity, the security deed should not be avoided in equity without a restoration of the status.

3.   The plaintiff is seeking affirmative relief in a court of equity, and can not have the relief sought without observing the equities of the transaction.

4.   In connection with the foregoing rulings see Civil Code (1910), § 4521; *Strodder* v. *Southern Granite Co.,* 94 *Ga.* 626 (19 S. E. 1022) ; *Perry* v. *Reynolds,* 137 *Ga.* 427 (2) (73 S. E. 656) ; *Mayer* v. *Waterman,* 150 *Ga.* 613 (3) (104 S. E. 497) ; *Wynne* v. *Fisher,* 156 *Ga.* 656 (2) (119 S. E. 605) ; *Fields* v. *Union Central Life Ins. Co.,* 170 *Ga.* 239 (152 S. E. 237) ; *Whiteley* v. *Downs,* 174 *Ga.* 839 (2, 5) (164 S. E. 318) ; *Jones* v. *Union Central Life Ins. Co.,* 178 *Ga.* 591 (173 S. E. 845) ; Sparrowhawk *v.* Erwin, 30 Ariz. 238 (246 Pac. 541, 46 A. L. R. 413, notes).   See also 32 C. J. 733, § 510.

5. A distinction should be made between cases of this sort and cases at law involving the acts of insane persons, such as *Orr* v. *Equitable Mortgage Co.*, 107 *Ga.* 499 (33 S. E. 708) ; *Woolley* v. *Gaines*, 114 *Ga.* 122 (39 S. E. 892, 88 Am. St. R. 22) ; *Joiner* v. *Southern Land Cor.*, 158 *Ga.* 752 (124 S. E. 518).

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*

## ON MOTION FOR REHEARING.

BELL, J. A motion for a rehearing was filed in behalf of the defendant in error, the administratrix, who was the plaintiff in the court below. The gist of the ruling made in this case was that in the circumstances stated in the petition the plaintiff could not obtain the equitable relief sought, without restoring the status quo, or offering to do so. The plaintiff made no tender and sought to excuse tender solely upon the ground that the consideration received by the intestate for the security deed had been dissipated by her, she being an insane person at the time of the execution of the deed and until her death. The facts stated in the petition are summarized in a statement preceding the decision by this court. The motion for a rehearing does not complain that this court did not properly construe the petition, and as we understand the motion it attacks only the ruling with regard to the necessity of a tender or of an offer to do equity. It is contended that we overlooked the principles ruled in several decisions, all of which were cited in the original brief of counsel for the administratrix, except the case of *Morris* v. *Mobley*, 171 *Ga.* 224 (155 S. E. 8). It is fair to say that this court did overlook the decision in that case, just as did counsel for the administratrix. We will now refer briefly to each of the cases cited in the motion for a rehearing, and will endeavor to show that none of them, not even the *Morris* case, should require a different decision from that delivered in the instant case. Some other cases will also be referred to herein.

The case of *Bunn* v. *Postell*, 107 *Ga.* 490 (33 S. E. 707), was a suit at law for the purchase-money of corporate stock. The defendant administrator defended on the ground of mental incapacity on the part of the purchaser to make the contract. This court held that the evidence demanded a verdict in favor of the plaintiff, upon the ground that the administrator had ratified the purchase by using the stock to have himself elected as a director and by

otherwise confirming the transaction. As stated, that was not an equity case, nor was any question of tender involved. The case of *Woolley* v. *Gaines,* 114 *Ga.* 122 (supra), was a suit for land. It appeared that the land was conveyed to pay past-due indebtedness. The defense made was alleged insanity on the part of the grantor. It was held that ignorance by the grantee that the grantor was insane did not affect the validity of the instrument. That case was an action at law, but in the course of the opinion it was said: "No money or thing of value has passed out of their [the defendants'] hands in consideration of the conveyance. It does not appear that the debt in satisfaction of which the deed is alleged to have been given was made in contemplation of the conveyance of this land. They can not, therefore, take advantage of the equitable rule which they invoke, as there is nothing upon which to base their contention, so far as the record before us is concerned." In *American Trust & Banking Co.* v. *Boone,* 102 *Ga.* 202 (79 S. E. 182, 40 L. R. A. 250, 66 Am. St. R. 167), Boone, as administrator, brought an equitable suit against the banking company. A previous administrator of the same estate had deposited to his individual credit money belonging to the estate, and the bank had applied a large portion of this money to the payment of individual liabilities of the depositor. The object of the suit was to recover the amount of the deposit for the benefit of the estate. The bank admitted liability in the amount of about $1800. Clearly this was not a case for the plaintiff to make a tender. In addition to other rulings, it was held that the bank was not protected in paying the check by the insane person for the sum of $139 drawn after the depositor had become insane, and had been so adjudicated by a court in another State, although the fact of insanity was unknown to the bank at the time of payment. The bank was not allowed credit for this item as a partial defense. But even upon this phase of the case there was no occasion for applying the rule that one who seeks equity must do equity. As to this item, the bank itself had the burden, and it asserted the transaction as a pure legal right, to wit, partial payment. In *McClure Realty Co.* v. *Eubanks,* 151 *Ga.* 763 (108 S. E. 204), it was stated that a contract executed by an insane person who had not been adjudicated to be insane was only voidable and could be ratified or avoided by him during a lucid interval, or after his death could be avoided or ratified by his heirs

or personal representatives. After thus stating the general rule as to avoidance and ratification, it was held that such a contract could not be avoided by persons other than those referred to. Such was the limit of the ruling in that case. The case of *Warren* v. *Federal Land Bank of Columbia,* 157 *Ga.* 464 (122 S. E. 40), was a suit in equity to cancel a deed. The petition alleged that no part of the consideration named in the deed had been paid. Accordingly, there was nothing to restore as between the alleged insane grantor and the immediate grantee. The grantee had conveyed the property for a valuable consideration to the land bank, and the bank sought to intervene as a party defendant. Among other things, it was held immaterial that the bank was ignorant of the insanity of the original grantor, this ruling being based upon the decision of *Orr* v. *Equitable Mortgage Co.,* 107 *Ga.* 499 (supra), which was not an equity case. The fact that the deed sought to be canceled was made without consideration rendered it unnecessary for the plaintiff to offer a tender or restoration. The parties were already in statu quo. None of the rulings in the *Warren* case are contrary to what has been held in the case at bar.

In the fifth division of the syllabus in the instant case we inadvertently referred to *Joiner* v. *Southern Land Corporation,* 158 *Ga.* 752 (supra), as a law case. It is true, as pointed out in the motion for rehearing, that the defendant in that case filed an answer seeking cancellation and other equitable relief. But even so, the defendant had received nothing except a bond for title, and there was an offer to return this paper. The plaintiff's action was a suit on a note for $2000 as the balance of the purchase-money of land. The total purchase-price was $7000, and the defendant had paid $5000 of this amount. The defendant sought a recoupment of the amount paid. The ruling made in that case upon the question of restoration related only to the plaintiff's action at law. It had no reference to the equitable features of the case, and does not apply to the facts of the present case. *Autry* v. *Parrish,* 164 *Ga.* 650 (139 S. E. 413), was a case in which the plaintiff alleged, and in which it was conceded upon the trial, that the deed in question was without any consideration except love and affection, although it recited a consideration of $5000. In *Jones* v. *Union Central Life Ins. Co.,* 178 *Ga.* 591 (supra), it was alleged that the insane person received no benefits from the transaction. The question presented in the case at bar was not involved in that case.

In *Whiteley* v. *Downs*, 174 *Ga.* 839 (5) (supra), it was held that the court properly overruled that ground of the demurrer which attacked the petition because it did not offer to restore the benefits received under the contract. The petition alleged in effect that such benefits *had been restored,* and this was the basis of the ruling by this court upon that subject. Other rulings in that case, so far as material here, were repetitions of what had been held in *Fields* v. *Union Central Life Ins. Co.,* 170 *Ga.* 239 (supra). In the *Fields* case suit was brought by a wife as next friend of her husband, alleged to be incompetent but not so adjudicated. The alleged incompetent still had in cash all or a part of the $3000 cash consideration, the deed sought to be canceled having been executed to secure the payment of a note for that amount. There was no offer to return any part of the consideration. This court affirmed a judgment sustaining a general demurrer to the petition, the rulings upon the question of tender being as follows: "It is a condition precedent, for a mentally incompetent to relieve himself from a contract made during his incapacity, to restore the benefits received by him if such benefits are still in his possession or control. In other words, he must place the grantee, in all respects, as far as possible, in statu quo. . . The incompetent is relieved of the necessity to make restitution or tender where he shows that such restitution or tender is impossible. Where no benefit has been received, the parties are already in statu quo." It was thus distinctly held that a tender may be necessary in a suit for affirmative equitable relief. Since there was no tender whatever in that case, the statement that restitution will not be required where impossible was unnecessary to a decision, and is not binding as authority. In *Morris* v. *Mobley,* 171 Ga. 224 (supra), the deed expressed a consideration of $1 and love and affection. This was held prima facie to be a contract of sale. The petition was demurred to upon the ground, among others, that the "petition alleges that the transaction was a bargain and sale of lands by the wife to the husband, and the plaintiff did not offer to return the alleged consideration before commencing the action." In other words, it was insisted that the consideration ought to be returned merely because the transaction was a bargain and sale by the wife to the husband. The question raised in the present case was not urged in the *Morris* case.

In certain decisions by this court it has been said to be immate-

rial that the party relying upon the alleged deed or contract may not have had knowledge of the insanity of the opposite party thereto. Some of these statements will be found to have been made in equity cases; but from an examination of the authorities, such rulings seemingly originated in law cases, so far as the decisions in this State are concerned. The question of knowledge *may* become material in an equity case. For instance, in *Cheves-Green & Co.* v. *Horton*, 177 *Ga.* 525 (170 S. E. 491), this court held as follows: "If one contracts with another who is mentally incompetent, with knowledge of such incompetency, failure to make restitution by the incompetent will not prevent cancellation of such contract. And this being true, the court did not err in overruling the general demurrer to the petition."

In what is said above we are dealing, of course, with a case in which it appears that the alleged incompetent had not been adjudicated to be insane; and this distinction must be kept in mind in considering cases of this general character. After an adjudication, a purported agreement by an insane person is not only voidable, but is void, and the judgment as to incompetency should doubtless be taken as notice of that fact. The rulings made in the present case are based upon a perfectly sound principle of equity, one that is not only sound but ancient. "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Civil Code (1910), § 4521. Let us illustrate the application of this principle to the facts of the present case. The deed was not void, but was merely voidable. So far as appears from the petition, the grantor was presumed to be, and was apparently, sane. The bank in accepting the security deed acted in good faith. It did not know of the insanity or have any cause whatever to suspect it. It advanced to the grantor a sum of money in a perfectly normal transaction. The insanity of the grantor was a misfortune, but in equity it could not be said to be the misfortune of the bank, under the facts alleged. Both parties were wholly innocent. If, in these circumstances, the deed can be canceled at the suit of the grantor's administratrix without a restoration of the status, the misfortune as to the particular transaction will be laid upon the bank, whereas the hand of Providence had placed it upon the other party. Regardless of what else might or might not be done in equity, in the

present case it is sufficient to say that where one of two innocent persons must bear a loss, the one who occasioned it or his representative can not obtain affirmative relief in a court of equity for the purpose of placing the loss upon the other party, who was equally innocent.

We can not agree that the decision rendered in this case is in conflict with any previous controlling decision by this court, nor are we persuaded to withdraw it upon the ground that it is not sound on principle. Admittedly, the question presented is a perplexing one. It has given the courts of the country no little trouble, and judicial opinion is divided upon it. But the views expressed above are in accord with the weight of authority, and we think they represent the proper equitable doctrine, this being an equity case. See Civil Code (1910), § 4537; *Perry* v. *Reynolds,* 137 *Ga.* 427 (2) (supra); *Mayer* v. *Waterman,* 150 *Ga.* 613 (3) (supra); *Wynne* v. *Fisher,* 156 *Ga.* 656 (2) (supra); *Watkins* v. *Stulb,* 23 *Ga. App.* 181 (98 S. E. 94); Arnold *v.* Richmond Iron Works, 67 Mass. 434; Flach *v.* Gottschalk Co., 88 Md. 368 (41 Atl. 902, 42 L. R. A. 745, 71 Am. St. R. 418), and cit.; Sparrowhawk *v.* Erwin, supra; 32 C. J. 735; 14 R. C. L. 584, 594, §§ 40, 49.

*Rehearing denied.*