GEORGIA POWER COMPANY *v.* ROPER.

JENKINS, Chief Justice. This case comes to this court on certiorari from the Court of Appeals, on the grant of which this court divided four to three. It is a suit at law by next friend for damages for personal in-

juries in which suit the plaintiff by his petition sought to avoid the effect of an admitted accord and satisfaction by showing that at the time such agreement was made he was mentally incompetent, and has since been so adjudged, and that such condition has continued since the accord and satisfaction was effected. The petition does not allege that the defendant had knowledge of such mental incapacity of the plaintiff at the time the settlement was made. The trial court overruled a general demurrer to the petition, which judgment was sustained by the Court of Appeals. The pleadings are set forth in the opinion and dissenting opinion of the Court of Appeals, see *Ga. Power Co. v. Roper*, 73 *Ga. App.* 826 (38 S. E. 2d, 91). The sole question here involved is whether restitution of the forty dollars received under the accord and satisfaction was prima facie necessary, and if so, whether the excuse for the failure to make restitution was adequate. *Held:*

1. "The contract of an insane person, a lunatic or a person non compos mentis, who has never been adjudicated to be insane, or a lunatic, or of unsound mind as prescribed by the Code, is not absolutely void, but only voidable." It is not until "After the fact that such person is insane, a lunatic, or non compos mentis has been established by a court of competent jurisdiction in this State and the affairs of such person are vested in a guardian," that "the power of such person to contract even though restored to sanity is entirely gone and such contracts are absolutely void, until the guardianship is dissolved." Code, § 20-206. See also, to the same effect, *Hadden* v. *Larned*, 87 *Ga.* 634, 643 (13 S. E. 806); *Orr* v. *Equitable Mortgage Co.*, 107 *Ga.* 499 (33 S. E. 708); *Bunn* v. *Postell*, 107 *Ga.* 490 (33 S. E. 707); *Woolley* v. *Gaines*, 114 *Ga.* 122, 123 (39 S. E. 892, 88 Am. St. R. 22); *McClure Realty &c. Co.* v. *Eubanks*, 151 *Ga.* 763 (108 S. E. 204); *Wynne* v. *Fisher*, 156 *Ga.* 656 (119 S. E. 605); *Warren* v. *Federal Land Bank*, 157 *Ga.* 464 (3) (122 S. E. 40, 33 A. L. R. 45); *Haddock* v. *Callahan Grocery Co.*, 163 *Ga.* 204 (2) (135 S. E. 747); *Fields* v. *Union Central Life Ins. Co.*, 170 *Ga.* 239 (3) (152 S. E. 237); *Whiteley* v. *Downs*, 174 *Ga.* 839 (2) (164 S. E. 318); *Atlanta Banking & Savings Co.* v. *Johnson*, 179 *Ga.* 313, 314 (2) (175 S. E. 904, 95 A. L. R. 1436); *Watkins* v. *Stulb & Vorhauer*, 23 *Ga. App.* 181 (98 S. E. 94).

This court, on the contrary, in *American Trust & Banking Co.* v. *Boone*, 102 *Ga.* 202, 205 (29 S. E. 182, 40 L. R. A. 250, 66 Am. St. R. 167), where it appears that no guardian had been appointed has said: "The contracts of a lunatic, idiot, or other person non compos mentis, from age or other infirmity, are utterly void." The language of this decision was later given in charge by the trial court in *Pendley* v. *Bennett*, 42 *Ga. App.* 596, 597 (2) (157 S. E. 250), and the Court of Appeals held that the exception taken to the charge, that the above language when given in connection with another portion of the charge that "a lunatic may contract during lucid intervals" was contradictory, was without merit. No adjudication was made, however, as to whether the language quoted from the charge in *American Trust & Banking Co.* v. *Boone*, supra, expressed a sound legal principle. It would seem both on principle and in logic that, unless both parties to such an agreement are left free to avoid it, the first-cited line of

cases is correct, that is, that such a contract while voidable is not absolutely void, unless a guardian for the incompetent had been appointed. It can scarcely be contended that the party with whom the incompetent contracted could be heard to repudiate the agreement on such a ground. Necessarily he could not, for the reason that such a contract is subject to ratification by the incompetent in spite of the other contracting party. Nor do we think that the provisions of the Code, § 20-107, setting up as one of the essentials of a contract that "there must be parties able to contract," necessitate a ruling contrary to that here made, since the provision has reference not to voidable contracts, but to valid binding contracts. It is, however, unnecessary to determine whether the long line of decisions first cited or the statement made in *American Trust & Banking Co.* v. *Boone*, supra, carries controlling authority. This is true for the reason that subsequently to the decision in 102 *Ga.* referring to such contracts as being utterly void, the General Assembly, speaking for itself as the legislative branch of government, did by adopting the Code of 1933 resolve any doubt or conflict by formulating as substantive law the rule as now embodied in § 20-206, set forth above, which Code section is in harmony with the long line of decisions first above quoted. See, in this connection, *Hamilton* v. *First National Bank of Rome*, 54 *Ga. App.* 707, 710 (1) (188 S. E. 840).

2. A contract of one who has not been adjudged mentally incompetent, but who is in fact insane at the time a contract is entered upon, can be repudiated by the incompetent unless it be expressly or impliedly thereafter effectively ratified. Where not subsequently ratified, the general rule is that the incompetent is required to make restitution of the benefits received under the agreement, so as to restore the parties as far as possible to their status quo. *Fields* v. *Union Central Life Ins. Co.*, 170 *Ga.* 239 (6) (a) (152 S. E. 237); *Whiteley* v. *Downs*, 174 *Ga.* 839, 842 (5) (164 S. E. 318); *Stanley* v. *Stanley*, 179 *Ga.* 135, 136 (2) (175 S. E. 496); *Georgia Power Co.* v. *Moody*, 55 *Ga. App.* 621 (190 S. E. 926).

(*a*) An exception to the general rule exists with respect to cases at law, but not to cases in equity, and that is where the one seeking to avoid the contract, which has not been ratified by holding on to the benefits after sanity has been restored, shows that it is impossible for the incompetent by reason of his poverty to make restoration of any of the benefits received. *Strodder* v. *Southern Granite Co.*, 94 *Ga.* 626 (19 S. E. 1022); *Strodder* v. *Southern Granite Co.*, 99 *Ga.* 595 (27 S. E. 174); *Interstate Life & Accident Co.* v. *Shedrick*, 57 *Ga. App.* 382, 383 (195 S. E. 456); *Fields* v. *Union Central Life Ins. Co.*, 170 *Ga.* 239 (6) (b) (152 S. E. 237); *Whiteley* v. *Downs*, 174 *Ga.* 839 (5), 843 (164 S. E. 318); *Atlanta Banking and Savings Co.* v. *Johnson*, 179 *Ga.* 313, 315 (175 S. E. 904, 95 A. L. R. 1436). The differentiation of this rule as applicable to law cases and affirmative proceedings in equity to rescind or annul a contract thus entered upon is outlined in *Atlanta Banking & Savings Co.* v. *Johnson*, supra.

(*b*) There is still another but different class of cases not dealing with voidable contracts by incompetents, procured without the knowledge of

the party subsequently seeking to avoid the contract. In these cases the court is careful to point out that the contract is treated, not as a voidable contract procured by fraud, but as a complete nullity, just as if it had never been signed, and there being no contract, no restitution is required thereunder. *Georgia Southern & Florida Ry. Co.* v. *Adeeb,* 15 *Ga. App.* 831 (84 S. E. 323); *Burt* v. *Burt,* 145 *Ga.* 865, 866 (b) (90 S. E. 73). Under the ruling made in the first division of this opinion, to the effect that the contract here involved is not void but only voidable, the cases just cited do not appear to be applicable.

3. Under the foregoing rulings, restitution was required, or good reason shown why it was impossible to restore the status quo.

(a) The plaintiff alleged "upon information" that, "on or about February 7, 1945, he was paid a small amount of money, approximately forty ($40.00) dollars, by the defendant, and at that time he signed some paper which he takes for granted was a release of all claim against the defendant company;" and further set forth that, "if he in fact received any sum of money from the defendant company, he does not now have the same, and that he is unable to restore or pay the same back to the defendant company *for the reason, as stated, that he does not have any money,* and if the same was ever paid over to him it has been spent." (Italics ours.) These averments were insufficient to avoid a compliance with the rule of law as to restoration hereinbefore indicated, since they go merely to the effect that he did not now have the particular money actually received, and did not have any "money" at the time the petition was filed with which to make restitution; but altogether failed to allege his inability to make such restitution, or to set forth any facts with reference to his financial capacity which would render impossible such restoration of the $40. To merely show that he did not have the original currency, and did not happen to have that amount of actual cash on hand when the suit was filed, is not sufficient to excuse a failure to restore the status quo.

*Judgment reversed. All the Justices concur, except Wyatt, J., who dissents, and Duckworth, P. J., and Candler, J., who dissent from the third division of the opinion and from the judgment.*

No. 15565. January 9, 1947.

*Barry Wright* and *Dudley Magruder Jr.,* for plaintiff in error. *James Maddox,* contra.