23075.   McEACHERN, by Guardian v. COASTAL PLAIN PRODUCTION CREDIT ASSOCIATION.

ARGUED SEPTEMBER 13, 1965—DECIDED SEPTEMBER 22, 1965.

*McDonald & Mills, Ben B. Mills, Jr.,* for plaintiff in error.

*Reinhardt, Ireland, Whitley & Sims, D. C. Ireland, John S. Sims, Jr.,* contra.

ALMAND, Justice.   This case is here on writ of error in which the plaintiff in error, William M. McEachern, by guardian, assigns error on a judgment sustaining a general demurrer to his equitable petition in which he prayed that the defendant in error, Coastal Plain Protection Association, be enjoined from selling a certain described tract of land under the power of sale contained in a deed to secure a debt executed by McEachern to the defendant.

The material allegations of the petition were: that the plaintiff executed the deed on or about December 6, 1962, to secure a loan of $5,000 for which he executed his note; that at said time he was insane and incompetent; that on January 21, 1963, he was by law adjudged to be incompetent and incapable of handling his affairs; that in October 1963, while on furlough from the State Hospital, he executed "another note to defendant in the sum of $9,400, a portion of which loan was used to pay the balance then outstanding on the note of December 6, 1962"; that the defendant is now advertising the described tract conveyed in the security deed of December 1962 for sale under the power contained therein; that the notes and deeds are void and unenforceable and "because of plaintiff's incompetency, he is not indebted to defendant in any amount, either upon said notes or otherwise."

The petition does not allege that the defendant knew that the plaintiff was incompetent in December 1962, when it lent the plaintiff $5,000.

Among the grounds of the general demurrer was one that the petition failed to allege that the plaintiff has tendered to the defendant the sum of money borrowed, received and used for the benefit of the plaintiff.

We are concerned only as to whether the petition as against general demurrer sufficiently alleged that the first note ($5,000 in December of 1962) has been paid. The allegations of the petition show that this note, being given before the plaintiff was adjudged by law to be incompetent, was only voidable upon a showing that the defendant knew he was insane or incompetent at the time the note was executed. *Code* § 20-206; *McClure Realty &c. Co. v. Eubanks*, 151 Ga. 763 (108 SE 204). It is also clear from the allegations of the petition that the second note for $9,400 is void under *Code* § 20-206. *Fields v. Union Central Life Ins. Co.*, 170 Ga. 239 (3) (152 SE 237).

So if the allegations are insufficient to show payment of the first note, the failure to allege tender of the indebtedness on this note rendered the petition subject to general demurrer. See *Atlanta Banking &c. Co. v. Johnson*, 179 Ga. 313 (175 SE 904, 95 ALR 1436); *Georgia Power Co. v. Roper*, 201 Ga. 760 (41 SE2d 226); *Carr v. Sparks*, 213 Ga. 606 (100 SE2d 583). But if the allegations are sufficient to show payment of the first note in full, it was unnecessary to allege payment of the second note, it being void. *American Trust &c. Co. v. Boone*, 102 Ga. 202 (29 SE 182, 40 LRA 250, 66 ASR 167).

The specific allegation of paragraph 13 is "That because of plaintiff's incompetency, he is not indebted to defendant in any amount, either upon said notes or otherwise; nor is petitioner liable to defendant for any attorney's fees." The only allegation which relates to the claim of payment is paragraph 6 which reads "That on or around the 31st of October 1963, while on furlough from said State Hospital, petitioner executed another note to defendant in the sum of $9,400, a portion of which loan was used to pay the balance then outstanding on the note of December 6, 1962." Construing these allegations most strongly

against the plaintiff, they are insufficient to show that the execution of the second note (which is void under the allegations in the petition) operated as payment of the first note. In our opinion the unanimous decision of this court in *Blackshear Mfg. Co. v. Harrell*, 191 Ga. 433 (12 SE2d 328) requires our ruling that the second note did not operate as payment of the first. It was there held: "Under the Code, § 20-1104, 'bank checks and promissory notes are not payment until themselves paid'; and a promissory note taken in renewal of a previous note, or for a balance on such note or an account, will not, until that note is actually paid, operate as a payment, or operate as an accord and satisfaction or novation extinguishing the previous note or indebtedness, unless the parties so agree. . . Under the defense of the maker that a last note, given in transactions between the debtor and creditor, had been fraudulently obtained, and in the absence of any evidence of agreement between the parties that such note should operate as a payment, accord and satisfaction, or settlement of a previous note and alleged indebtedness, the mere taking of the last note would not extinguish the previous obligation or any previous indebtedness."

The allegations of the petition being insufficient to show that the first note had been paid in full, and it not appearing that the defendant took said note with knowledge of the plaintiff's incapacity, and there being no allegations of tender or payment of the indebtedness or of a valid excuse for such failure, the court properly sustained the general demurrer.

There being a judgment of affirmance, it is unnecessary to pass upon the motion to dismiss on the ground that the questions raised in this case are moot.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*