ORR, adm'r, *v.* EQUITABLE MORTGAGE COMPANY.

107 499|
f114 123|

1. The contract of an insane person who has not been adjudged a lunatic by a court of competent jurisdiction is voidable after his death, at the instance of his legal representative.

2. That the other party to the contract was ignorant that the person with whom he was dealing was in fact insane, and that the existence of such insanity could not have been discovered by an ordinarily reasonable and prudent person, does not make such a contract valid and binding, nor interfere with the right of the legal representative to set up, in defense to an action brought against him on the contract, the insanity of the decedent.

Submitted March 28, — Decided June 9, 1899.

Foreclosure of mortgage.    Before Judge Gober.    Forsyth superior court.    February term, 1898.

*H. P. Bell* and *H. H. Perry*, for plaintiff in error.
*Payne & Tye, H. L. Patterson* and *J. A. Noyes*, contra.

COBB, J.    The Equitable Mortgage Company brought a petition against L. M. Orr as administrator of Frederick Harwell, deceased, praying for the foreclosure of a mortgage upon realty which had been executed by Harwell.    The petition set up no equity, and had for its purpose nothing save the obtaining of a judgment of foreclosure.    In answer to the rule nisi issued upon this petition the administrator set up as a defense that his intestate was insane at the time of the execution of the mortgage, and that therefore the mortgage was void.    Upon the trial the jury rendered a verdict in favor of the plaintiff.    The defendant made a motion for a new trial, in which complaint was made that the court erred in certain charges to the jury, which were, in substance, that if at the time that Harwell executed the mortgage he was insane, but the mortgagee had no notice of such mental infirmity, and there was nothing about his condition which would put a reasonably prudent man on notice that he was insane, the alleged mortgage was valid and bound the deceased, notwithstanding he was mentally incapable of making a contract.

1. The proposition stated in the first headnote was directly ruled by this court in *Bunn* v. *Postell*, ante, 490.

2. While there are decisions by English courts, as well as

by some American courts, holding that one contracting with an insane person in ignorance of his mental condition will be protected and the contract enforced, many of the courts in this country have said that, since an insane person is incapable of making a contract, the mere fact that the other party to an alleged contract did not know of the incapacity would not restore the capacity to contract.   Bishop on Contracts, § 970, and cases cited.   The learned author of the work just cited, in discussing this proposition, says: "It is difficult to resist the force of this proposition, especially as it harmonizes with what is held in respect of the contracts of infants."   Even if the case of *American Trust & Banking Company* v. *Boone*, 102 *Ga.* 202, is not directly controlling on this point, the principle of that decision controls here; and what is now ruled is abundantly supported by the authorities there cited and quoted from.   See also Clark on Contracts, 269, and cases cited.   Such being the law, the charges complained of were erroneous, and a new trial should have been granted.

*Judgment reversed.   All the Justices concurring.*