### BURT v. BURT et al.

PER CURIAM. This was an equitable petition to cancel a deed executed by the plaintiff, Emily Burt, to the defendant, R. M. Burt, and a deed from the latter to W. G. Ford, on the ground of fraud. On the trial the evidence for the plaintiff tended to show the following: Her husband died during the early part of the year 1911, leaving an estate consisting of 120 acres of land, which was in her possession for several months after his death and until the filing of this suit. On November 11, 1911, R. M. Burt asked the plaintiff to go to a neighboring village, and wanted her to sign a paper having something to do with the probate of the will of her late husband. While on the way to the village the defendant said to the plaintiff, "Ma, don't ask any questions when you go down there; many a person has had to go to jail just because they talked too much; you do just what they tell you; and don't talk to anybody." When she reached the village she was taken to a store and touched a pen when Mr. ——— wrote her name, and the paper was not read to her. She was uneducated, about 70 years of age, unable to comprehend or understand anything pertaining to business, and in such matters was dependent upon what she was told by others, and in this matter she trusted her son (the defendant) implicitly. Several days after signing the paper just referred to she had occasion to ask him about the will of her late husband, and was told that there was no will. She then inquired as to the nature of the paper she had signed, and he told her that the paper was a deed conveying to him the entire tract of 120 acres. She investigated the matter and found that without her knowledge or consent R. M. Burt had employed an attorney and had had the entire estate of her deceased husband (120 acres) set aside to her as a year's support, and that the paper which she had signed was an absolute deed from herself to R. M. Burt. She never authorized him or any one else to engage the services of an attorney to apply to the court of ordinary for a year's support in her behalf. The consideration mentioned in the deed ($42.17) was never paid to her, but she later understood that it had been paid to the attorney as a fee and to the ordinary as costs. She did not authorize the expenditure in her behalf. The further consideration mentioned in the deed (support for her for life) had entirely

failed, in that R. M. Burt had never contributed anything to her support and had never agreed to do so, except in the deed signed by her, etc. On the conclusion of the evidence for the plaintiff, the court sustained a motion for a nonsuit, on the ground that from the evidence it appeared that the title to the property was derived by year's support and the plaintiff had never tendered the cost for obtaining the same. *Held:*

(a) The grant of a nonsuit was error. The case should have been submitted to a jury under proper instructions.

(b) The present case is different from those cited by the defendant in error, to the effect that one seeking to rescind a contract obtained by fraud must restore or offer to restore to the opposite party whatever fruits of the contract he has received. The plaintiff's contention is, not that she was fraudulently induced to enter into a certain contract, but that a fraud was practiced upon her by securing her signature to a writing which was in reality a deed of which she had no knowledge and never agreed to make at all. According to her contention, she received no fruit from such deed, and could not have done so, because none such was entered into. Under such facts, a tender of the alleged cash consideration was not necessary as a condition precedent to have the deed canceled. *Butler* v. *Richmond & Danville R. Co.*, 88 *Ga.* 594, 598 (15 S. E. 668); *Georgia So. & Fla. Ry. Co.* v. *Adeeb*, 15 *Ga. App.* 831 (84 S. E. 323).

*Judgment reversed. All the Justices concur, except Gilbert, J., not presiding.*

SEPTEMBER 21, 1916.

Petition to cancel deed. Before Judge Hammond. Richmond superior court. February 22, 1915.

*J. S. Watkins,* for plaintiff. *A. R. Williamson,* for defendants.