## McCLURE REALTY AND INVESTMENT COMPANY *v.*
## EUBANKS *et al.*

"The contract of an insane person or one non compos mentis, who has. never been adjudicated to be insane or of unsound mind as prescribed by the code, is not absolutely void but only voidable." "Such a contract may be ratified [or avoided] by him upon afterward becoming sane or during a lucid. interval, or, after his death, may be avoided or ratified by his heirs or personal representative." Other persons, such as the petitioners in this case, can not avoid it.

No. 2350.    August 10, 1921.

Equitable petition. Before Judge George L. Bell. Fulton superior court. November 12, 1920.

This is an action brought by Mary J. Eubanks and Clara F. Zellars against the McClure Realty and Investment Company, for cancellation of a lease contract as to certain described realty, and for recovery of the premises and mesne profits. The allegations of the petition in outline are as follows: For years prior to August 21, 1916, Margaret R. Fuller had been the owner and holder of a life-estate in the property, the remainder in fee belonging to the petitioners. On that date Mrs. Fuller executed a contract leasing the premises to defendant for five years, defendant going into possession and since retaining it. In November, 1919, in a suit brought by Mrs. Fuller against Mrs. Eubanks and Mrs. Zellars in Fulton superior court, "by certain decrees of the court, hereinafter more fully referred to, the life-estate of the said Mrs. Fuller was by decree passed and conveyed to your petitioners and became merged with their remainder interest, and they by said decrees became the holders of the title to the said property in fee simple. . . In said case a settlement of the controversies therein involved was made, including a controversy over the land in question; and the court, after first appointing a guardian ad litem for Mrs. Margaret R. Fuller, on account of her mental weakness and incapacity, entered a decree effectuating said settlement and decreeing absolute ownership of said property in petitioners, as heretofore recited. Said decrees are in record in this court and profert thereof is made.

In so far as they relate to the present controversy the decrees are material in that they transfer the title of said life-estate as heretofore set out, and after appointing a guardian ad litem because of Mrs. Fuller's mental weakness, and in that also they contain the following provision: 'The defendants take the property without regard to the lease said to be held by C. W. McClure, if there be such a lease, but reserve the right to cancel that lease if they can, by law or otherwise." The lease contract is void and should be canceled, because at the time of its execution Mrs. Fuller was of unsound mind and mentally incapable of making a valid and binding contract, and the defendant procured the lease from her at a grossly inadequate rental, namely, at $75 per month, whereas a reasonable rental was then at least $300 per month, and is now $500 per month. Petitioners have notified defendant that the lease is invalid, have refused to receive payment of rent at the rate of $75 per month, have demanded that the rental be paid at its reasonable value, or else that the premises be surrendered; and the defendant has refused to comply with these demands.

The defendant demurred to the petition generally and specially, but insisted only on the general demurrer, which was overruled, and the defendant excepted.

*Weltner, Cheatham & Koplin,* for plaintiff in error.

*Little, Powell, Smith & Goldstein,* contra.

FISH, C. J. (After stating the foregoing facts.) The petition in this case does not disclose the exact character of the action brought by Mrs. Fuller against Mrs. Eubanks and Mrs. Zellars, nor the issues therein involved and decided, further than that case included a controversy over the land covered by the lease contract here sought to be canceled, that a guardian ad litem was therein appointed for Mrs. Fuller, "on account of her mental weakness and incapacity," that a settlement was made of the controversies in the case, and that a decree was rendered by which the life-estate of Mrs. Fuller in the property, the subject-matter of the lease contract, was passed and conveyed to the petitioners in the present case, and that they were decreed to be the absolute owners in fee of the entire interest in the leased premises. The petition does not allege that Mrs. Fuller is not still in life, nor that she has not continued to be insane since the execution of the lease contract, nor that she has ever been adjudged to be insane, and a guardian ap-

pointed for her property. It will be presumed, therefore, that she is still alive and insane, and not under guardianship. The petition does allege that Mrs. Fuller was insane at the time she executed the lease contract to the McClure Realty and Investment Company, defendant in this case, and that when the decree was entered in her case against Mrs. Eubanks and Mrs. Zellars she was represented by a guardian ad litem appointed by the court, " on account of her mental weakness and incapacity."

It is well settled in this State that the contract of an insane person, or one non compos mentis, who has never been adjudged to be insane or of unsound mind as prescribed by the code, is not absolutely void, but only voidable. *Bunn* v. *Postell,* 107 *Ga.* 490 (33 S. E. 707), followed in *Orr* v. *Equitable Mortgage Co.,* 107 *Ga.* 499 (33 S. E. 708), *Woolley* v. *Gaines,* 114 *Ga.* 122 (39 S. E. 892, 88 Am. St. R. 22), and *Perry* v. *Reynolds,* 137 *Ga.* 427 (73 S. E. 656). This doctrine has been almost universally recognized by text-writers, and adjudicated cases on the subject. " Such a contract may be ratified by [the insane person] upon afterward becoming sane, or during a lucid interval, or, after his death, may be avoided or ratified by his heirs or personal representative." *Bunn* v. *Postell,* supra. The right to disaffirm a voidable contract of an insane person is personal, and can be exercised only by himself, if restored to sanity; or if his infirmity continues till his death, then by his legal representative or his heirs; but neither the other party to the contract nor third persons can avoid it. In support of these legal propositions see the authorities cited in *Bunn* v. *Postell,* supra; and in 22 Cyc. 1174, notes 90, 92, 93, 94, 95; and 1209, notes 24, 26, 27, 28; 16 Am. & Eng. Enc. Law, 629, note, 2; 9 Ib. 119, notes 2, 3, 4; 14 R. C. L. 592, notes 10, 12, 13; Clark on Contracts (3d ed.), 231, notes 40, 41, 42, 43, 44; 1 Devlin on Realty (3d ed.), § 73, note 8, and § 75, note 7; 3 Tiffany on Real Property (2d ed.), 2342, note 65; and 2344, note 71a; 1 Jones on Real Property, § 64, note 6; 1 Williston on Contracts, § 253 note 28; 1 Elliott on Contracts, § 382, notes 84, 85, 87; 4 Ib. 3221, notes 95, 3, 4, 5, 6. Also Vogel *v.* Zuercher (Tex. Civ. App.), 135 S. W. 737 (4) ; Porter *v.* Brooks (Tex. Civ. App.), 159 S. W. 192.

The petitioners in this case, who are seeking to disaffirm the lease contract of Mrs. Fuller on the ground that she was insane when it was executed, do not in any way represent her, nor claim

to be proceeding in her behalf, but are contending that they, as her successors in interest and title under the decree referred to in the petition, for themselves have the right to have the lease contract canceled. We can not, in view of the authorities above cited, concede the soundness of this contention.

Counsel for defendants in error rely upon the two cases of Breckenridge's Heirs *v.* Ormsby, 1 J. J. Marshall (Ky.), 236 (19 Am. D. 71), and Clay *v.* Hammond, 199 Ill. 370 (93 Am. St. R. 146, 65 N. E. 352). In both of those cases it was decided, in effect, that one to whom the grantor, after recovering his sanity, transfers the property has the same right to avoid a conveyance made by his grantor while insane, in favor of another person, as has the grantor himself; seemingly for the reason, as in the case of a conveyance by an infant, that the mere execution of an inconsistent conveyance by the grantor after the removal of his disability involves in itself a repudiation of the voidable conveyance. 3 Tiffany on Real Property (2d ed.), 2345. These rulings are not directly applicable here, nor are they necessarily in conflict with our holding. Whether a guardian of an insane person can, by his own act, and without an order of a court of competent jurisdiction, avoid the contract or deed of his ward, executed while he was insane, and prior to an adjudication of his insanity and the appointment of a guardian, is not necessary to be decided in this case, as there was never an adjudication that Mrs. Fuller, under whom the petitioners claim as successors in interest or title, was insane, nor was a guardian ever appointed for her property. It is true that " on account of her mental weakness and incapacity " a guardian ad litem was appointed for her by the judge of the superior court in the suit she brought against the present petitioners, in which suit the decree was rendered upon which the petitioners base the contention of their right to disaffirm and have canceled the lease contract made between Mrs. Fuller and defendant here; and while under the allegations of the petition a settlement of the controversies involved in that case was made, " including a controversy over the land in question," and the decree rendered effectuated the settlement and adjudicated that the life-estate of Mrs. Fuller was passed and conveyed to the petitioners here, and that they are the absolute owners in fee of the entire interest in the leased property, yet the McClure Realty and Investment Company

was not a party to that case, nor was the validity of the lease contract it had with Mrs. Fuller directly brought in question, nor expressly decided, even if in the circumstances that could have been legally done. Moreover, the language quoted in the petition from the decree indicates that it was not the intention of the court to pass on the validity of the lease contract, as such language, in effect, declares that the petitioners here took the property without regard to the lease contract, and that they reserved the right to cancel it if they could.

From what has been said we must conclude that the court erred in overruling the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*

GEORGE, J., concurs specially, because not enough of the pleadings in the case of Fuller v. Eubanks et al., and of the consent decree entered therein (to which the insane person's guardian ad litem consented), is set out in the petition in this case to enable the court to determine whether the insane person, through her guardian, disaffirmed the lease contract.