## FIELDS v. UNION CENTRAL LIFE INSURANCE COMPANY.

PER CURIAM. 1. Insane persons "can not generally make a valid contract." Civil Code (1910), § 4232.

2. "An insane person can not contract prior to commission sued out and guardianship appointed. A lunatic may contract during lucid intervals; after guardianship he can not; nor can a person restored to sanity contract until the guardianship is dissolved. Necessaries furnished an insane person may be recovered upon the same proof as if furnished to infants." Civil Code (1910), § 4237.

3. "The contract of an insane person or one non compos mentis, who has never been adjudicated to be insane or of unsound mind as prescribed by the code, is not absolutely void, but only voidable." *Bunn* v. *Postell*, 107 *Ga.* 490, 492 (33 S. E. 707); *Orr* v. *Equitable Mortgage Co.*, 107 *Ga.* 499 (33 S. E. 708); *McClure* v. *Eubanks*, 151 *Ga.* 763 (108 S. E. 204); *Wynne* v. *Fisher*, 156 *Ga.* 656, 659 (119 S. E. 605); *Warren* v. *Federal Land Bank*, 157 *Ga.* 464 (122 S. E. 40, 33 A. L. R. 45).

4. Under the law of this State, after the fact of insanity has been established by a court of competent jurisdiction in this State and the affairs of such person are vested in a guardian, the power of such person to contract is entirely gone, and such contracts are absolutely void. *American Trust &c. Co.* v. *Boone*, 102 *Ga.* 202 (29 S. E. 182, 40 L. R. A. 250, 66 Am. St. R. 167).

5. This suit was brought by a wife as next friend of an alleged incompetent. The latter has not been adjudicated by any court to be insane, nor has a guardian for him been appointed. The note and deed were executed for a fair and sufficient consideration. The alleged incompetent still has in cash or its equivalent all or part of the $3000 cash consideration. The deed was executed to secure payment of the note. All of these facts are alleged in the petition or necessarily implied therefrom. In addition, though the pleader omitted the express allegation, the further fact must be presumed, from a proper construction of what is alleged, to wit, that the note evidenced, and the deed secured, a loan of $3000, the proceeds of which were paid to the borrower.

6. One ground of demurrer to the petition is as follows: "That said petition does not set forth any cause of action, for the reason that it does not allege that the plaintiff has tendered to the defendant the principal, interest, attorney's fees, and costs on account of the sum of money borrowed, received, and used to the benefit of the estate of J. W. Fields, it not being alleged that any fraud had been perpetrated or that J. W. Fields has been adjudged insane." *Held:*

(a) It is a condition precedent, for a mentally incompetent to relieve himself from a contract made during his incapacity, to restore the benefits received by him if such benefits are still in his possession or control. In other words, he must place the grantee, in all respects, as far as possible, in statu quo. *Arnold* v. *Richmond Iron Works*, 67 Mass. 434; *Ricketts* v. *Jolliff*, 62 Miss. 440; *Williams* v. *Sapieha*, 94 Texas, 430 (61 S. W. 115); *Hudson* v. *Union Mercantile Trust Co.*, 148 Ark. 249 (230 S. W. 281); *Rea* v. *Bishop*, 41 Neb. 202 (59 N. W. 555); *Flach* v. *Gottschalk Co.*, 88 Md. 368 (41 Atl. 908, 42 L. R. A. 745, 71 Am. St. R. 418), and cit.

(*b*) The incompetent is relieved of the necessity to make restitution or tender where he shows that such restitution or tender is impossible. Where no benefit has been received, the parties are already in statu quo. *Woolley* v. *Gaines*, 114 *Ga.* 122 (39 S. E. 892, 88 Am. St. R. 22).

(*c*) The failure to allege fraud neither takes from nor adds to the sufficiency of the petition. *Boynton* v. *Reese*, 112 *Ga.* 354 (37 S. E. 437).

(*d*) This case comes on writ of error to a judgment sustaining a general demurrer; and accordingly the facts of the case must be assumed to be as alleged in the petition, which contains no statement of inability to make restitution.

7. If one contracts with another who is mentally incompetent, with knowledge of such incompetency, failure to make restitution by the incompetent will not prevent cancellation of such contract. The petition in this case "alleges, on information and belief, that the said Insurance Company through its agents, employees, and representatives knew, or should have known, of the utter incapacity of said James W. Fields, and on information and belief it is charged that they did [?] not know of his mental incapacity." This allegation is attacked by demurrer on the ground that it is a conclusion of the pleader, unsupported by allegations of fact, and that it is vague, indefinite, and uncertain, and fails to set forth any "acts or opportunity of the company, through its agents or otherwise, to have known or discovered any unsound mental condition" of the incompetent. The petition, in this respect, was subject to the demurrer for failure to allege notice on the part of the defendant that it was dealing with a person mentally incompetent to contract.

8. In the eighth paragraph of the petition it is alleged "that the property sought to be sold under said execution would not bring its value, since the purchasers who might buy said property, knowing the mental incapacity of said James W. Fields, would be afraid of the title, and a deed from the sheriff under the facts surrounding this transaction would be a cloud upon the title, and would not in law, equity, or good conscience pass the same." This allegation is attacked by demurrer on the grounds that it is a conclusion of the pleader, unsupported by allegations of fact, and that it is vague and indefinite, and does not clearly indicate whether the pleader intends to contend that the title would not pass because of the inadequate bid of the purchaser or on account of the mental capacity of James W. Fields. This allegation was subject to demurrer, and should have been stricken. "A judgment obtained against an insane person is not void; and where an execution based on such judgment is levied on land belonging to such defendant in fi. fa., and the land sold at sheriff's sale, a purchaser at such sale would be protected." *Ward* v. *Miller*, 143 *Ga.* 164 (84 S. E. 480).

*Judgment affirmed. All the Justices concur.*

No. 7247. FEBRUARY 28, 1930.

*Charles H. Griffin,* for plaintiff.
*O. J. Coogler* and *E. L. Reagan,* for defendant.