## 24479. GEORGIA POWER COMPANY *v.* MOODY.

DECIDED SEPTEMBER 26, 1935.    REHEARING DENIED OCTOBER 4, 1935.

*Colquitt, Parker, Troutman & Arkwright, J. B. Moore,* for plaintiff in error.

*Ulmer & Dowell,* contra.

MacINTYRE, J. On September 18, 1933, Mrs. Lillie Moody brought her action against Georgia Power Company, to recover damages for alleged personal injuries. The trial resulted in a verdict and judgment for the plaintiff for $10,000. The court overruled a motion for new trial as amended, and the defendant excepted.

For the purposes of this decision we deem it only necessary to make the following abbreviated statement of the case made by the plaintiff's petition: On or about November 23, 1931, the defendant sold to the plaintiff an electric refrigerator and an electric stove, and contracted to furnish her with electric current for their operation. The defendant's main line carried twenty-three hundred volts of electricity, and it was necessary to reduce the current to "110-220 volts" by a transformer furnished and installed by the defendant before it entered upon secondary lines. Said transformer was defective, in that it failed to reduce the voltage upon the secondary line entering the plaintiff's premises, in that

it was "not grounded," and in that it was not "reasonably suited for the purpose intended." In attempting to operate the stove after it had been installed by the defendant, the plaintiff received a slight electric shock, and reported this occurrence to R. G. McGarrity, the defendant's manager at Baxley, "requesting . . that the cause of said shock be ascertained and the condition responsible therefor remedied." McGarrity assured plaintiff that said shock was not unusual, and that there was no danger. On three other occasions prior to the injuries complained of, plaintiff suffered similar shocks, and "complained . . as aforesaid," and said manager assured her that there was no danger, and "took no steps to remedy said situation." Said stove "was installed in a dangerous manner by the defendant, in that the same was placed next to a pump-pipe . . and was grounded to said pipe as an entirety, and not by the separating of each unit thereof," the danger being that the water from said pipe "caused the floor . . to become wet," thereby causing "said floor and stove to become charged with electricity." Also, "the element of one of the cooking units of said stove was loose and defective in that it was raised high enough to come in contact with cooking utensils upon said stove. . . ." Plaintiff "had no knowledge of the dangerous manner in which said stove was installed, . . she having no knowledge of electricity, . . and relying upon the defendant to furnish her safe equipment." About eleven o'clock a. m. on November 5, 1932, having turned the current on a unit of said stove, plaintiff was knocked unconscious by a shock of electricity, and was rendered totally unable to perform any of her duties from said date, and "has reason to believe that her said injuries are permanent." "Plaintiff's injuries were due to the . . dangerous . . manner in which said . . stove was installed, . . and in failing to furnish a safe and suitable transformer." Plaintiff "sues for $25,000 for pain and suffering which she has endured and still endures because of her physical and mental impairment, . . and which she will continue to suffer throughout her life" because of said injuries. "Petitioner shows that while she was confined to her bed, and was of unsound mind and memory, . . defendant, through its authorized agents, . . came to petitioner's house and insisted upon petitioner signing a release . . for the consideration of a credit of $200 upon the electric refrigerator. . .

Petitioner's husband, believing the representations of the said defendant that they could not recover, urged and insisted upon the signing of said release. Petitioner . . was not mentally or physically capable of executing any valid contract . . at said time and place. . . Said release was not her voluntary act; and . . if she did sign the same, the signing whereof she is unable to recall or remember, the same was not her voluntary or rational act. Petitioner further shows that she received nothing of value for the execution of said agreement, that she has tendered and here and now tenders back to . . defendant the said allowance of $200 on said . . refrigerator, and has and here and now tenders back to . . defendant the said . . refrigerator and all other electric equipment purchased by her from said defendant as aforesaid." Plaintiff "was forty-four years old at the time of the aforesaid injuries, and was in sound health."

In its answer the defendant put the plaintiff upon proof of the material allegations of her petition, and pleaded a complete release signed by the plaintiff, dated January 28, 1933, and reciting that it is given "in consideration of the sum of $200 to me in hand paid by the Georgia Power Company, the receipt of which I hereby acknowledge." It appears, however, from undisputed evidence introduced without objection that no money actually passed, and that the true consideration for the release was a credit of $200 given by the defendant to the plaintiff on the balance due on the refrigerator.

It is insisted that the court erred in charging the jury as follows: "I charge you that it is the duty of an electric company engaged in the furnishing of electric current for use in homes, places of business, etc., to use reasonable care to provide such approved apparatus in general use as would be necessary to prevent injury to the users thereof, and to maintain such apparatus and equipment with reasonable care and diligence; and I further charge you that is likewise the duty of one furnishing electrical equipment to supply such approved equipment in general use as would be reasonably safe in the using thereof." There are several assignments of error on this charge, but the only one which demands special attention avers that "said charge was erroneous in that it instructed the jury that a duty rested upon the defendant to provide such apparatus as would be necessary to prevent injury to

the users thereof," because the defendant in supplying apparatus would have fully complied with its obligation by supplying the most approved apparatus obtainable and in general use, and no duty rested upon it to supply such apparatus as "would be necessary to prevent injury to the users thereof;" and that such charge put upon the defendant an impossible burden which was not required by law, and required it "to become an insurer against any person who might receive an injury from the use of electrical apparatus, although the defendant was supplying the correct amount of current which it was to supply to the users of such current."

In *Columbus R. Co.* v. *Kitchens,* 142 *Ga.* 677 (83 S. E. 529, L. R. A. 1915C, 570), the statement was made that "the company is under duty to employ such approved apparatus in general use as will be *reasonably* necessary to prevent injury to the house or persons or property therein." (Italics ours.) The part of the charge excepted to in this assignment appears to be patterned after the foregoing statement in the *Kitchens* case, with the exception that it omits the word "reasonably." To our minds this omission makes the charge as given subject to the assignment of error; and the court committed error in overruling this ground of the motion for a new trial.

While some of the other assignments of error disclose inaccuracies in the charge, we do not think that they were sufficiently harmful to warrant a reversal. Before concluding this opinion, however, we deem it not improper to quote from *Fields* v. *Union Central Life Insurance Co.,* 170 *Ga.* 239 (152 S. E. 237), the following ruling, the correct application of which is of importance in a case like the one under consideration: "It is a condition precedent, for a mentally incompetent to relieve himself from a contract made during his incapacity, to restore the benefits received by him, if such benefits are still in his possession or control. In other words, he must place the grantee, in all respects, as far as is possible, in statu quo." We shall not pass on the general grounds of the motion for a new trial. We reverse the judgment solely upon the assignment of error stated above.

*Judgment reversed. Guerry, J., concurs. Broyles, C. J., disqualified.*