## DEAN *v.* GOINGS *et al.*

HUTCHESON, Justice. 1. The deed of an insane person not previously adjudged insane by a court of competent jurisdiction, and for whom no guardian has been appointed, is voidable after his death at the instance of his heirs at law, if there be no legal representative of said insane person. Code, § 20-206; *Warren* v. *Federal Land Bank of Columbia,* 157 *Ga.* 464 (3) (122 S. E. 40, 33 A. L. R. 45).
2. If the grantee in such deed have notice of the insanity of the grantor at the time of the execution and delivery of the deed, failure to make restitution or tender of restitution by the heirs at law of the grantor will not prevent cancellation of such deed at their instance. *Fields* v. *Union Central Life Insurance Co.,* 170 *Ga.* 239 (152 S. E. 237); *Cheves-Green & Co. Inc.* v. *Horton,* 177 *Ga.* 525 (170 S. E. 491).
3. If the grantee in such deed take without notice of the insanity of the grantor, restitution or restoration of the status quo is necessary before a cancellation is allowable at the instance of the grantor or his heirs at law in an equitable action for that purpose. *Atlanta Banking & Savings Co.* v. *Johnson,* 179 *Ga.* 313 (175 S. E. 904, 95 A. L. R. 1140), and cit.
4. The petition in the instant case, by the heirs at law of a deceased grantor

for whose estate no administrator had been appointed, seeking cancellation of a deed executed by the grantor while insane, but not at the time adjudged so by a court of competent jurisdiction, and for whom no guardian had been appointed, was brought in two counts. One count alleged notice on the part of the defendant grantee of the insanity of the grantor. The allegations of the other count, that the consideration stated in the deed ($1000) was not the true consideration thereof, but was in reality the payment of certain liens against the property conveyed, the exact amount of which is unknown to petitioners, but that the exact amount is less than $800, which sum has been paid into the registry of the court as a continuing tender, is, in the absence of a special demurrer and as against a general demurrer, a sufficient offer of restitution. It follows that under the above rulings each count of the petition set forth a cause of action for the relief prayed for. The court did not err in overruling the demurrers.

*Judgment affirmed. All the Justices concur, except Beck, P. J., and Bell, J., absent because of illness.*

No. 11923. SEPTEMBER 15, 1937.

*John T. Coyle* and *Hoyt H. Whelchel,* for plaintiff in error. *Martin L. Bivins,* contra.

*Judgment affirmed. All the Justices concur, except Bell, J., absent because of illness.*