31169. GEORGIA POWER COMPANY *v.* ROPER.

DECIDED APRIL 11, 1946. REHEARING DENIED MAY 16, 1946.

*Barry Wright, Dudley B. Magruder Jr.,* for plaintiff in error.
*James Maddox,* contra.

PARKER, J. This is an action for damages in the name of Henry B. Roper, by next friend, against Georgia Power Company, for injuries alleged to have been received by him because of negligence. It was alleged that, as a result of said injuries to the plaintiff's head and brain, he had lost his mind and had been adjudicated a lunatic and was at the State sanitarium for the insane at Milledgeville, Georgia. Paragraphs 20, 21, and 22 of the petition are as follows:

"20. Petitioner alleges upon information that on or about February 7, 1945, he was paid a small amount of money, approximately forty ($40.00) Dollars, by the defendant, and at that time

he signed some paper which he takes for granted was a release of all claim against the defendant company.

"21. Petitioner shows further that at said time he was non compos mentis and mentally incapable of knowing or appreciating what he was doing and of making any contract or agreement, and if he in fact executed any release to said defendant, that the same is null and void and of no effect because, as stated, at said time he did not have sufficient mental capacity to know or understand the purport of the same.

"22. He shows further that, if he in fact received any sum of money from the defendant company, he does not now have the same, and that he is unable to restore or pay the same back to the defendant company for the reason, as stated, that he does not have any money, and if the same was ever paid over to him, it has been spent."

The defendant demurred generally and specially on the grounds that the petition failed to set forth any cause of action against the defendant, and that it showed on its face that the plaintiff had entered into an accord and satisfaction of his claim, and had executed a release of all claims against the defendant. Special demurrers to the petition as a whole, and particularly to paragraphs 20, 21, and 22, were on the grounds that the plaintiff was suing in tort without seeking to rescind the release contract admittedly entered into with the defendant, and without making a tender to the defendant of the benefits received under said release and in restoration thereof; and that paragraphs 21 and 22 were conclusions of the pleader and set forth no facts supporting the conclusions alleged therein. These demurrers were overruled and the case is here on exceptions to that ruling.

The sole question before us is whether the petition stated a cause of action as against the attacks made by the demurrers. The petition alleged an injury to the plaintiff, caused by the negligence of the defendant, from which the plaintiff lost his mind and became a lunatic; that he had been adjudicated a lunatic and was at the State sanitarium for the insane; that the defendant had paid the plaintiff approximately $40 for a release of the claim for said injuries; that the plaintiff was non compos mentis and incapable of knowing or appreciating what he was doing and of making any contract or agreement at the time the release was

signed by him, and the same was null and void on this account; and that the plaintiff was unable to restore or refund the money paid to him by the defendant because it had been spent and he did not have any money. We think that this is a fair summary of the allegations, which must be kept in mind in passing on the only question for our determination.

We do not think that the question here is one of rescission or restoration, but the controlling question is whether the plaintiff was insane at the time the alleged release was made. A demurrer admits all properly pleaded allegations in the petition to be true. Code, § 81-304. It is alleged that the plaintiff "was non compos mentis and 'mentally incapable of knowing or appreciating what he was doing and of making any contract or agreement," at the time the release was signed, and "if he in fact executed any release to said defendant, that the same is null and void and of no effect because, as stated, at said time he did not have sufficient mental capacity to know or understand the purport of the same." The words, "non compos mentis," as used in our law, import a total deprivation of understanding; a total want of mind or reason or understanding. See *Polls* v. *House*, 6 *Ga*. 325(12) (50 Am. D. 329); *Gardner* v. *Lamback*, 47 *Ga*. 133, 193; *Slaughter* v. *Heath*, 127 *Ga*. 747, 752 (57 S. E. 69, 27 L. R. A. (N. S.) 1). It being admitted by the demurrer that the plaintiff was without mind, reason, or understanding at the time he signed the purported release, it was not a contract, there was no contract to rescind, and the money alleged to have been paid under the release was not the fruit of any contract; and whether or not the plaintiff restored such money or failed to do so, is wholly immaterial. Where the plaintiff was incapacitated to make any agreement of any kind or description with the defendant, and did not even know that the paper he was intended to sign was a contract of any kind or character, and he accepted the money without knowing that it was intended as a consideration for the execution of such instrument, the plaintiff not supposing it to be in consideration of the execution of any contract, there is no relation between the money and the pretended contract, and the return of the money is not a condition precedent to a rescission of the contract, and hence the suit may be filed without restoration. We think that these conclusions are sustained by the Code, § 20-107, which provides as follows:

"To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract and a subject-matter upon which it can operate;" and by the following decisions of this court and of the Supreme Court: *Georgia Southern & Florida Ry. Co.* v. *Adeeb,* 15 *Ga. App.* 831 (84 S. E. 323); *Devoe* v. *Best Motor Co.,* 27 *Ga. App.* 619(2) (109 S. E. 689); *Mackle Construction Co.* v. *Wyatt,* 29 *Ga. App.* 617 (116 S. E. 877); *Pendley* v. *Bennett,* 42 *Ga. App.* 596(2) (157 S. E. 250); *Sovereign Camp* v. *Ellis,* 59 *Ga. App.* 608, 611 (1 S. E. 2d, 677); *American Trust & Banking Co.* v. *Boone,* 102 *Ga.* 202 (29 S. E. 182); *Bunn* v. *Postell,* 107 *Ga.* 490 (33 S. E. 707); *Orr* v. *Equitable Mfg. Co.,* 107 *Ga.* 499 (33 S. E. 708); *Boynton* v. *Reese,* 112 *Ga.* 354(2) (37 S. E. 437); *Burt* v. *Burt,* 145 *Ga.* 865 (90 S. E. 73); *Warren* v. *Federal Land Bank,* 157 *Ga.* 464 (122 S. E. 40). It may be noted that *Burt* v. *Burt,* supra, cites with approval *Georgia Southern & Florida Ry. Co.* v. *Adeeb,* supra, which latter case we think is controlling in principle. Although the allegations of paragraph 22 of the petition were evidently made for the purpose of excusing the plaintiff's failure to restore the fruits of the alleged settlement contract, the petition otherwise avoided the purported release by alleging clearly and definitely the insanity of the plaintiff. Furthermore, it appears from the petition that the plaintiff had lost his mind as a result of the alleged injury, and was insane at the time the release was made, and that shortly thereafter he was adjudged to be a lunatic and was committed to an asylum for the insane, where he was confined before and at the time the suit was filed; and it does not appear that a guardian had been appointed for the plaintiff, the action being brought by a next friend.

Under the authorities cited and for the reasons stated, we think that the petition set out a cause of action, on the theory that no contract settling the plaintiff's claim was entered into by the parties. This is so because the plaintiff was non compos mentis and wholly incapable of contracting when the purported release was made. The court did not err in overruling the demurrers.

In accordance with the act approved March 8, 1945 (Ga. L. 1945, p. 232), which requires both divisions of the court to consider each case in which there is a dissent in the division to which

the case was originally assigned, this case was considered and decided by the court as a whole.

·Judgment affirmed.    All the Judges concur, except Broyles, C. J., disqualified, and

FELTON, J., dissenting.   The petition in this case is defective, (1) in that it does not allege that the defendant knew of the condition of the incompetent at the time the release was executed, and (2) in that it is not alleged that the incompetent cannot possibly restore the benefits received from the release agreement. Under the ruling in *Atlanta Banking & Savings Co.* v. *Johnson,* 179 *Ga.* 313 (175 S. E. 904, 95 A. L. R. 1436), in equity there must be a restoration of benefits received by the incompetent where the opposite party dealt in good faith.   The opinion intimated that at law the rule might be different and cited several cases.   As I read them, they declare no rule different from the equity rule.   In *Joiner* v. *Southern Land Sales Corp.,* 158 *Ga.* 752 (124 S. E. 518), it does not appear that the question was raised that the incompetent received any benefits she would be required to restore before attempting a rescission.   In *Orr* v. *Equitable Mortgage Co.,* 107 *Ga.* 499 (33 S. E. 708), it does not appear that the incompetent received a cash or other present consideration for the execution of the mortgage.   The same is expressly ruled in *Woolley* v. *Gaines,* 114 *Ga.* 122 (39 S. E. 892, 88 Am. St. R. 22).   In *Warren* v. *Federal Land Bank,* 157 *Ga.* 464 (122 S. E. 40, 33 A. L. R. 45), there were no benefits to restore.   It was held in *Watkins* v. *Stulb,* 23 *Ga. App.* 181 (98 S. E. 94), that, under the allegations similar to those in this case, restoration was necessary.   In *Strodder* v. *Southern Granite Co.,* 94 *Ga.* 626 (19 S. E. 1022), the petition was dismissed because it did not show continuity of incompetency and absence of ratification upon restoration to sanity.   In *Fields* v. *Union Central L. Ins. Co.,* 170 *Ga.* 239 (152 S. E. 237), the·petition contained *no statement of inability to make restitution and no sufficient allegations that the defendant knew of the incompetency.* See, in this connection, *Cheves-Green & Co.* v. *Horton,* 177 *Ga.* 525 (170 S. E. 491).   The effect of the majority opinion is to hold that the contract of an incompetent person prior to an adjudication of incompetency is absolutely void.   Insofar as I can find, the ruling in *American Trust &c. Co.* v. *Boone,* 102 *Ga.* 202

(29 S. E. 182, 40 L. R. A. 250, 66 Am. St. R. 167), has never been authoritatively interpreted as so holding, and in nearly if not every later case it has been held that such a contract is merely voidable, and the Code, § 20-206, has been written to follow the rulings of the courts. *Hamilton* v. *First National Bank, 54 Ga. App.* 707 (188 S. E. 840), and cases cited.

The cases followed by the majority are based on facts and reasoning not present in the instant case. In those cases the jury was authorized to find that the money was not paid in consideration of a contract of release, but in connection with an entirely different contract. If that is true, then obviously there is no need to get rid of a purported contract of release which may seem to stand in the way of the action. In this case there was admittedly a contract of release. The fact that it was entered into by an incompetent before adjudication makes no difference. It is presumed to be valid until an actual adjudication that it was not. Before a court, either of law or of equity, will determine whether or not it is invalid or valid, the person proceeding for the incompetent must allege knowledge on the part of the other party of the incompetency, so as to preclude the necessity of restitution of the benefits received, or inability on the part of the incompetent to restore the benefits of the contract, etc. *Dean* v. *Goings,* 184 *Ga.* 698 (192 S. E. 826); *Fields* v. *Union Central L. Ins. Co.,* supra; *Cheves-Green & Co.* v. *Horton,* supra. The petition did not allege inability to restore benefits. The mere fact that the particular benefits had been spent and that the incompetent had no money would not mean complete inability to restore. If he had other assets which would make restoration possible, it would be necessary for him to make restoration. In the instant case, neither of these allegations was present, and the petition was subject to demurrer.