AURELIA CRUZ, substituted by her heir FRANCISCO CRUZ VEGA, Plaintiff and Appellant, v. ANTONIO BRUNO RODRÍGUEZ and ANTONIO LÓPEZ, heirs of INÉS LÓPEZ DE BRUNO, Defendants and Appellees.

No. 11083. Argued April 1, 1954.—Decided July 22, 1954.

*Adrián Agosto* for appellants.   *R. Arjona Siaca* for appellees.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

This is an action of performance of a contract of sale of a house.   It is alleged in the complaint that Antonio B. Rodríguez and Inés López de Bruno were the owners of a house located in Barrio Obrero, in Santurce, and executed a contract of sale of the house in favor of Aurelia Cruz, now substituted as plaintiff, by reason of her death, by her heir, Francisco Cruz Vega; that before the contract was executed, Antonio B. Rodríguez had been committed to the Clínica Dr. Juliá because he suffered from a mental disease.   Plaintiff's theory is that at the time the contract was executed Rodríguez was in a lucid interval.   The complaint alleges that Aurelia Cruz took possession of the house and made improvements valued at $1,105, to be deducted from the selling price.   It is urged that the defendants be ordered to execute a deed of sale of the house.   Defendants answered alleging, briefly, that the contract of sale of the house was not valid; that Rodríguez was permanently deprived of his mental faculties on the date the contract was allegedly executed, and that he never had a lucid moment or interval since he entered the clinic.   The defendants filed a counterclaim alleging that plaintiff has been in illegal possession of the house, in bad faith, and that he is liable to the defendants for the sum of $1,850 for damages.

At the hearing of the case on the merits, plaintiff merely offered in evidence certain documentary proof consisting of records of some cases of Declaration of Incapacity and Appointment of Guardian relating to Rodríguez' incapacity; the transcript of evidence in an unlawful detainer proceeding

prosecuted by the same parties and involving the same house under litigation; and the record of the unlawful detainer proceeding, with special reference to the judgment entered by another judge of the former District Court of San Juan dismissing the complaint on the ground that there was a conflict of titles, as disclosed by the evidence presented in connection with Rodríguez' incapacity. The defendants stipulated to admit the records on Rodríguez' incapacity, but objected to the admission in evidence of the transcript of the evidence in the unlawful detainer proceeding on the ground that the evidence presented in the other case was inadmissible here. They stipulated to the admission in evidence of the judgment rendered in the unlawful detainer proceeding as respect the fact itself that the judgment had been rendered, but objected to giving any legal effect to that judgment on the ground that it should not be res judicata in the case at bar. That was the evidence presented by plaintiff. The defendants merely offered the oral testimony of Dr. Rafael Arzuaga, of the Clínica Dr. Juliá, to the effect that, according to the records of the clinic, Rodríguez was hospitalized on January 29, 1941 (prior to the alleged date of the contract of sale of August 23, 1944), and that he had never gone out of the clinic except on one occasion, March 5, 1950.

The San Juan Court rendered judgment dismissing the complaint, holding that Rodríguez was mentally incapacitated, since it had not been shown that he executed the alleged contract of sale during a lucid interval and that the previous unlawful detainer judgment was not res judicata. It sustained the counterclaim and held that the property could have yielded a rent of $25 a month to the defendant, according to the official estimate of the corresponding Rent Office (according to the evidence offered by plaintiff in the unlawful detainer proceeding) and that, therefore, plaintiff was bound to pay to defendants the sum of $2,175 as rent, less the sum of $1,430 deposited by plaintiff at the time of filing the complaint.

■■ Plaintiff appealed to this Court. It is well to point out first that appellant made no assignment of errors in his brief. We have not been placed in an altogether adequate position to specifically ascertain his exact viewpoints, nor the concrete grounds for challenging the judgment. This Court would therefore be justified in dismissing the appeal. However, after due consideration of appellant's brief, it appears from the arguments that the sole and exclusive ground consists in the argument that the judgment rendered in the unlawful detainer proceeding held that Rodríguez was in a lucid interval when he executed the contract, and, hence, appellant alleges that the latter judgment operates as a res judicata in this suit.

In *Ramírez* v. *Ramírez et al.*, 38 P.R.R. 659, 660, the brief contained no assignment of errors. It was stated as follows:

"The brief of the appellants is short and we might perhaps condone the failure of the appellants to comply with the rules if we were convinced of error or had serious doubts. We have, however, examined the evidence and the brief and we have reached the conclusion that the appellants could not satisfy us that the judgment should be reversed. In other words, we think that the appellants not only failed to comply with the rules of this court, but that the appeal is a frivolous one."

In *Penne González* and *De la Guerra*, contestant, 46 P.R.R. 256, it is held that the Court may refuse to dismiss an appeal even though the briefs do not contain an assignment of errors, where the briefs discuss the merits of the case and set forth, albeit in a confused manner, the real issues involved. The Court has discretion to consider plain errors or fundamental errors apparent on the face of the record, even though they have not been properly assigned. 4 C.J.S. 1734, § 1239.

■■ We are not convinced that any error was committed in the instant case. On the contrary, if we place ourselves in the field of investigation to which appellant herein confined himself, namely, the scope and effect of the judgment rendered in the unlawful detainer action in question, the judgment appealed from herein was correct. In the unlawful detainer

action brought by Rodríguez, through a guardian, against Aurelia Cruz, there arose a conflict of titles brought about by the averments of the parties as to Rodríguez' mental capacity or incapacity on the date the presumptive contract of sale was allegedly executed. The unlawful detainer action was dismissed in view of the existence of conflicting titles. The court made some comments in its opinion in the unlawful detainer action to the effect that the evidence tended to show that Rodríguez had sufficient mental capacity at the time of executing the contract of sale. Appellant herein invokes those comments in his favor and regards them as conclusive in the case at bar. However, what the court said in the unlawful detainer action was that from the evidence offered it could not have concluded that Rodríguez was incapacitated at the time of executing the contract; that if Rodríguez had been in a lucid interval at the time of the contract, the contract would be valid; and that he was not permanently hospitalized, but visited his wife whenever his condition permitted it. However, in the unlawful detainer action the court ended by stating:

"In any event, there arises a question which must be settled more amply in an ordinary action on the basis of all elements of proof necessary to enable the Court to impart justice. It is clear to us that the unlawful detainer proceeding is not the adequate proceeding to settle fundamental issues relating to the capacity of the parties, and, moreover, that the concurrence of defendant's testimony with other circumstances pointing to a substantial controversy as to whether or not the parties involved made a verbal contract for the sale of the property in question, is sufficient to create a conflict of titles."

In the unlawful detainer action the court did not ultimately decide that Rodríguez had sufficient mental capacity at the time of executing the contract. It merely decided the only thing that was necessary to dismiss the complaint: that there existed a genuine controversy, not only as to the fact of the execution of the contract itself, but also as to Rodríguez' mental capacity on the date and at the time the contract was

allegedly executed, and that such controversy led to a conflict of titles. In fact, in view of the rule which bars judgment in an action of unlawful detainer when there exists a genuine line of evidence leading to a conflict of titles, that is, in view of the court's limited field of investigation in an unlawful detainer action which bars consideration of the intrinsic merits of the case, the rule has been adopted, which is applicable here, that a judgment in an action of unlawful detainer does not constitute res judicata in a later plenary or ordinary suit. *Virella* v. *Virella*, 23 P.R.R. 644; *Ortiz* v. *Aguayo*, 26 P.R.R. 668; *Pesquera* v. *Fernández*, 16 P.R.R. 223; *Banco Territorial y Agrícola* v. *Arvelo*, 7 P.R.R. 551. By analogy, we reiterate what is said in *Lluberas* v. *Mario Mercado e Hijos*, 75 P.R.R. 7, 16, as follows:

" . . . The judgment rendered in the action of unlawful detainer did not acknowledge such right to the defendant. Said judgment was based on the grounds that the defendant raised a series of complicated questions seriously tending to challenge the validity of plaintiffs' title and that the summary unlawful detainer proceeding was not the proper proceeding to settle those questions. That judgment did not decide, however, that the defendant was entitled to the possession . . . . It merely decided, we repeat, that the validity of plaintiffs' title had been seriously challenged and that unlawful detainer was not the adequate proceeding to decide the questions raised."

Appellant is not therefore correct in alleging that the opinion and judgment in the unlawful detainer action was conclusive, or constituted res judicata as to the issue relative to Rodríguez' mental capacity at the time of making the contract. A judgment is not conclusive of any matter which, from the nature of the case, could not have been adjudicated in the former suit. *Ash Sheep Co.* v. *United States*, 252 U. S. 159; *Davis* v. *First National Bank of Waco*, 161 S. W. 2d 467; Black, *Judgments*, Vol. 2, p. 944, § 618, 2d ed.

■■ We consider a relevant aspect of this suit the theory set up in the complaint that, although Rodríguez was mentally incapacitated to make the contract of sale, he was

in a lucid interval. Plaintiff offered no direct evidence on this point. He merely presented the transcript of evidence and the record in the unlawful detainer action. The oral evidence in that case was inadmisible in the case at bar, since it failed to comply in general with the requirements of subdivision 6 of § 35 of our Law of Evidence, which provides that in a trial evidence may be given of the testimony of a *witness deceased, or out of the jurisdiction, or unable to testify*, given in a former action by the same parties, relating to the same matter. Even assuming that the unlawful detainer action dealt with the same matter herein involved, *Cf. Fredericks* v. *Judah*, 73 Cal. 604, 608, unlawful detainer, the only witness who testified at the trial of the unlawful detainer case and died before the hearing of the instant case, and who complied with all the requirements of the afore-cited provision, was Aurelia Cruz, She testified that Rodríguez was insane and that at the time of executing the contract he was somewhat "distracted". Plaintiff herein did not therefore prove that Rodríguez was in a lucid interval at the time of executing the contract. Where a condition of incapacity, of a permanent nature, has been shown or that the person was confined as a lunatic, it should be affirmatively proved that at some subsequent time he had a lucid interval, since in such a case it is presumed that the insanity previously shown continues. Manresa, vol. 8, pp. 387, 388, 5th ed. *Sovereign Camp, W.O.W.* v. *Ellis*, 1 S.E. 2d 677; *Schmidt* v. *Edmonds, et al.*, 64 N.E. 2d 241; *Davidson* v. *Piper*, 265 N. W. 107; *Davis* v. *Davis*, 25 S.E. 2d 181; *Lee* v. *Stephens*, 50 N.E. 2d 622; *Turley, et al.* v. *Turley, et al.*, 30 N.E. 2d 64; *Crager* v. *West Hoboken Transfer & Express Co.*, 41 A. 2d 806; *In re Miller's Estate*, 116 P. 2d 526; Cf. *Valiente & Co.* v. *Heirs of Fuentes*, 45 P.R.R. 600, and 51 P.R.R. 317; *Valiente & Co.* v. *District Court*, 52 P.R.R. 708.

The judgment appealed from will be affirmed.

Mr. Justice Belaval did not participate herein.