39822. HARDY, Next Friend v. MacKINNON.

BELL, Judge.   Plaintiff by next friend petitioned the Superior Court of Bibb County, Georgia, seeking his release from the Milledgeville State Hospital on the ground that the cause of his commitment no longer exists, that he is sane and that discharge would not be a source of danger to himself or others. Although plaintiff was committed to the hospital upon a commitment from the court of ordinary under the terms of the Mental Health Act (Ga. L. 1960, pp. 837, 842; *Code Ann.* § 88-1606), he seeks to proceed here not under the remedy authorized by the Mental Health Act, but under that provided by the statute pertaining to lunacy. 'Code §§ 35-236 and 35-237 as amended by Ga. L. 1953, Nov. Sess., pp. 321, 323; 1955, pp. 347-9; 1956, pp. 585-589.

Under the lunacy statutes, jurisdiction of the remedy is placed in the superior court of the county from which the person was committed.   By the Mental Health Act of 1960, the jurisdiction is granted to the court of ordinary of the· county of confinement or the court of ordinary. which ordered the patient hospitalized *(Code Ann.* § 88-1613 (b)), or alternatively, the petition may be, for a writ of habeas corpus.   *Code Ann.* § 88-1617.   This is not a habeas corpus proceeding as a jury trial is asked.   If it were, the Macon Judicial Circuit would have no jurisdiction over the cause if brought by this petitioner.   *Code* § 50-103.

The two statutes are separate and distinct, and each is concerned with a subject matter vastly different from the other. The involuntary hospitalization of a *mentally ill* person under the Mental Health Act of 1960 is by no means synonymous with the involuntary commitment of one adjudged to be a lunatic under other statutory provisions.

The Mental Health Act of 1960 defines the mentally ill person as: " 'Mentally ill person' shall mean a person who is afflicted with a psychiatric disorder which substantially impairs his mental health; and because of such psychiatric disorder requires care, treatment, training or detention in the interest of the welfare of such person or the welfare of others of the community in which such person resides and shall include, but not be limited to, any mental deficiency, alcoholism, or drug addiction when due to or accompanied by mental illness or mental disease." Ga. L. 1960, pp. 837, 838 (*Code Ann.* § 88-1601).

On the other hand lunatic, insane or non compos mentis are defined as each including all persons of unsound mind. *Code* § 102-103. These latter terms are used interchangeably in the statutes relating to lunacy, and as interpreted by the appellate courts mean a person who is totally deprived of mind or reason or understanding. *Potts v. House,* 6 Ga. 324 (12) (50 AD 329); *Georgia Power Co. v. Roper,* 73 Ga. App. 826 (38 SE2d 91), and cases there cited. In numerous cases our courts have held that lunatics do not have capacity to contract, handle their affairs, enter into marriages, or make wills, and guardians may be appointed to handle their affairs. The mentally ill person by contrast under Section 16 of the Mental Health Act is expressly authorized "To exercise all civil rights including the right to dispose of property, execute instruments, make purchases, enter contractual relationships, and vote, unless he has been adjudicated incompetent and has not been restored to legal capacity." The General Assembly has by the statute placed a mentally ill person in a class apart from lunatics.

By expressly providing in the statute for the method by which a mentally ill person may seek involuntary release from the hospital, it is clear that it was the legislative intent that these be exclusive and that one committed under the Mental Health Act of 1960 cannot bring a petition for release to the superior court under *Code* §§ 35-236 and 35-237, as amended. Since the plaintiff's action was brought in the superior court but should have been brought in the court of ordinary, the trial court properly sustained the general demurrer to the petition.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*

DECIDED NOVEMBER 21, 1962—
REHEARING DENIED DECEMBER 11, 1962.

*W. George Thomas,* for plaintiff in error.
*Eugene Cook, Attorney General, Paul Rodgers, Assistant Attorney General,* contra.